**DONALD RICHARD KARR JR. in pro per**
**Vietnam ERA Veteran 1967-1970**
1973 Application & Stolen Veterans Benefits
1973 VA Application no. C XXXX6558
(VA-WHISTLE BLOWER since January 2013
400 W. Broadway Street, Suite 101-408
Missoula, Montana 59802 (406) 291-6378
**karrjrdonaldr1967vietnamvet@gmail.com**
May 31ˢᵗ 2024

JUN 17 2024

Clerk, U.S. Courts
District of Montana
Missoula Division

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA

# NINTH CIRCUIT COURT DIVISION

### CASE NO.

## RICO ACT CERTIORARI WRIT & COMPLAINT COURT RULES 4,9 AND 16 VETERANS AFFAIR ORGANIZED CRIME GROUPS & VA OBSTRUCTION OF JUSTICE since 1973 of Petitioner's STOLEN 100% SERVICE CONNECTED DISABILITY BENEFITS- FIFTY (50)+ YEARS OF OBSTRUCTION OF JUSTICE

DONALD RICHARD KARR, JR. Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Solider, US Army 575ᵗʰ Ordinance,

vs.

President Joesph R. Biden Jr., United States of America, Department of Veterans Affair, Denis Mc Donogh, Secretary, Veterans Affair Union AFGE (AFOL-CIO), TRICARE INSURANCE, Donald Lee Karr, <u>Respondents and Does 1 thru 1,500 Does/</u>

Ministerial Duty of Care and Failures of Veterans Affair since 1973, Acts of TREASON, 18 U.S.C. §§ 2381 & 2384, & 28 USC § 2412, 18 U.S.C. § 1951, 18 U.S.C. § 241, RICO CYBER CIVIL & CRIMINAL CRIMES 18 U.S.C. § 1028, 18 U.S.C. § 1028 (A), & U.S.C. § 1029, since September 1973 assigning Petitioner's Benefits and 100% Service Connected Disability award without giving Petitioner his 100% Service Connected Disability award in September 1973, Donald Lee Karr Impersonating Petitioner as a Solider 10 U.S.C. § 906 Art 106

## PETITIONER'S ORIGINAL PETITION

**Exhibit "I" through "VI" are attached to this CERTIORARI WRIT OF MANDAMUS**

## TO THE HONORABLE COURT:

COMES NOW Donald Richard Karr Jr., the Petitioner, Federal Rules 4, 9 and 16 Donald Richard Karr Jr., also shown as Donald R. Karr, Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, who alleges that the Petitioner has had his 1973 and June 26th 2015 awards of Petitioner's 100% Service Connected Disability Benefits, GI BILL Educational and Title 34 Education Benefits and Petitioner's TRICARE Insurance stolen from Petitioner, by Veterans Affair, and its staff, including Donald Ray Karr also known as Donald R. Karr, the Respondents, and each of them, starting on or about September 1973, when Petitioner returned his first two (2) GI BILL checks (because they came to early in 1973 and Petitioner's school did not start until 1974, Petitioner had to take Student Loans out to pay for his education because Veterans Affair refused to pay Petitioner his GI BILL Education Benefits or all subsequent Chapter 34 Education Benefits) to the Los Angeles area Veterans Affair and received 'no benefits from Veterans Affair' until he had surgery in Reno Nevada Veterans Affair when he was in Reno in 2004 and 2005 when it was determined after the tests prior to surgery that Petitioner was 100% Service Connected Disabled and that Petitioner's 100% Service Connected Disability Benefits were in the Protected Status since 2003 in the 55 year Rule.

**Donald Richard Karr Jr., the Petitioner** has worked hard his entire life and had to drop out of college because he was refused his GI BILL Educational and Title 34 Education Benefits by Veterans Affair. Petitioner has never been given anything and Veterans Affair has done nothing for Petitioner as a Veteran, until Petitioner had surgery in Reno Nevada Veterans Affair when Petitioner was in Reno from 2003 to 2005. The Veterans Affair award on or about November 4th 2013, a 'false writing and fraudulent award' as an undisputed fact, the third test ordered in August 2013 that was canceled would have established the Petitioner was 100% Service Connected Disabled, but Marie L. Weldon, Director at Veterans Affair in San Antonio, Texas, canceled the third Test to produce a false finding and false writing of Petitioner Donald R. Karr, Jr. test for his 100% Service Connected Disability status that in fact was in Protected Status 55 year Rule at Veterans Affair since 2003. Petitioner is not paid for his Wife (not Jun Ping Karr they have been

divorced since 2001) and child.

Therefore it is an undisputed fact 'Petitioner has no TRICARE Insurance' shown in "Exhibit I" herein that is attached hereto and incorporated herein by this reference that makes TRICARE Insurance Copay at this time from Petitioner's benefits at Veterans Affair that have been given to him or that are allowed with his 30% Service Connected Disability Benefits. Petitioner presently receives only monthly 30% Service Connected Disability payments of $524.31, no payments of medical benefits or payment of medication costs from Veterans Affair or payment of Petitioner's TRICARE Insurance as a 100% Service Connected Disabled Veteran twice in 1973 and in June 26th 2015. Therefore the TRICARE Insurance copay charges deducted from Petitioner's social security and service connected payments are in fact illegal payments as an undisputed fact, **are as an undisputed fact violating the Hobbs Act 18 U.S.C. § 1951 Robbery Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973,** being deducted and taken from Petitioner's Veterans Affair 30% Service Connected Disability monthly payments charged to Petitioner illegally by Veterans Affair and TRICARE Inurance. These are illegal copay charges for TRICARE Insurance, as an undisputed fact **violating the Hobbs Act 18 U.S.C. § 1951 Robbery Robbery and Extortion.**

**Veterans Affair in their illegal copay, money laundering and identity theft** that is tax evasion and insurance fraud, for over fifty (50) years, that began at Veterans Affair in 1973, now 'elder abuse' of Petitioner, that became Petitioner's Veterans Affair 100% Service Connected Disability that was awarded to Petitioner, but not given to Petitioner over fifty (50) years, the Prejudice of Petitioner as a Veteran is the abuses of Veterans Affair, the Respondents and each of them, that Donald Lee Karr was allowed to assume **Petitioner's benefits [that are now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule. Veterans Affair and Organized Crime Group(s) are y the U.S. Attorney General for a criminal investigation and violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations**

of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony, (Veterans Affair and Respondents failing or refusing to notify prosecution for FELONY EXTORTION under 18 U.S.C. § 1964(1)(A) or even a CIVIL INVESTIGATIVE DEMAND (18 U.S.C. § 1968) constitutes not only Obstructions of Justice under the RICO Act but also Wire Fraud under 18 U.S.C. § 1341 FRAUDS AND SWINDLES and 18 U.S.C. § 1343 FRAUD BY WIRE, RADIO through a scheme or artifice to defraud Petitioner Donald R. Karr, Jr.) are as an undisputed fact violating the Hobbs Act 18 U.S.C. § 1951 Robbery Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, in this matter may be heard by the Court this case can proceed as a Complex Litigation Complaint, Federal Rules 4, 9, 16 and 38 [Right to a Jury; Demand (a) The right of trial by jury as decided by the Seventh Amendment to the Constitution or as provided by a federal statue is preserved to the parties, (b) Demand on any issue trial able of right by a jury, a party may demand a jury trial, with Petitioner's request for a Jury Trial 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'], Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner [1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, US Army 575th Ordinance and also as an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company].

The undisputed fact is Petitioner's award of his 100% Service Connected Benefits have been stolen by Veterans Affair Management, the Veterans Affair Union, Donald Ray Karr also known as Donald R. Karr Veteran Affair Employee (no relation to Donald R. Karr Jr., Petitioner) that seems is the typical situation that the Veterans Affair Employees feel is acceptable that they are 'above the law' that the Petitioner gets nothing, without regard to the fact that it is the government that they have stolen the 100% Service Connected Disability benefits from, because in 1973 Petitioner was not given his benefits, so legally the clock stopped in 1973 with all applications for benefits refused by Veterans Affair, Petitioner can file with the courts, in each jurisdiction he has lived, for benefits where he has lived, without limit on filings. Veterans Affair and Veterans Affair

Management, including but not limited to Union, or the Union at Veterans Affair, can not make a Veteran illegally chase his benefits into a year after year changes when in fact Petitioner's benefits are the Protected Status since 2003 in the requirement Petitioner obtain his benefits when **Petitioner's benefits are now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule and Veterans Affair can not change his benefits, are changed by false writings and their intentional breach of contract forcing Petitioner to be Homeless with Veterans Affair refusal to pay Petitioner anything except the 30% Service Connected Disability monthly payments is an undisputed fact TORTUOUS BREACH OF CONTRACT by Veterans Affair because Petitioner is 100% Service Connected Disabled in 1973 and a second time June 26th 2015.**

The undisputed fact is Petitioner has observed the theft and money laundering at Veterans Affair by its employees and Veterans Affair Management. The examples are endless, Mario Alcorta worked in the Sterile Processing Lab with the Petitioner when Petitioner was a CWT worker, or contract worker, for Veterans Affair at Veterans Affair in Kerrville Texas. Mario Alcorta was stealing surgical scissors from the lab everyday, three or four pairs at a time, plus IV Pumps in a gym bag. When Petitioner made a Whistle Blower Complaint against Mario he was fired from his job in 2013. Mike Olsen is stealing shoes from the US Mail opening Veterans US Mail and taking what he wanted. When Petitioner again made a Complaint Veterans Affair in 2015 Veterans Affair stopped giving Petitioner his two (2) pairs of diabetic shoes with six (6) pairs of shocks each pair and diabetic inserts for the shoes. Therefore there can be no doubt that organized crime is running Veterans Affair, because if not, the security guards at Veterans Affair who are Veterans Affair Police, would not allow this to take place while they sanction this criminal behavior at Veterans Affair as the Petitioner is witness at each Veterans Affair facility he has been too!

Petitioner spent three (3) trips to the ER at Methodist Boerne, Texas Hospital Trauma Level Four Hospital in November 2013 and December 2013, to keep from dying from Veterans Affair Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas at Veterans Affair from the overdose of medications that Petitioner was told to take this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, every four (4) hours, with the specific oral instructions given to Petitioner of a medication that is a twelve (12) hour medication. Now Petitioner is allergic to Symbicort and Flunisolide Nasal Solution USP, 0.025%, as shown in the doctor's notes of Glen Volyn dated May 7th 2024 attached hereto as Exhibit "VI" and incorporated herein by this reference.

Petitioner's last doctor at Veterans Affair in Kerrville, Texas was Dr. James Graham, MD that was a good Veterans Affair doctor. When Petitioner came to Coeur d' Alene, Idaho he had to go to private doctors at Heritage Health for his doctors that his Medicare paid for, because he could not take the chance of getting yet another Veterans Affair doctor like Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas at Veterans Affair, who again would try to KILL PETITIONER. Petitioner worked at Veterans Affair in Kerrville, Texas as a contract labor worker in the Sterile Processing Lab where he made his rounds to all the Wards to bring them supplies each day. Petitioner is diabetic and he witness how Veterans Affair doctors handle the diabetic Veterans during the time he worked in the hospital. Rather than giving the Veterans a heart doctor to diagnose their needs, as Petitioner has had here in Coeur d' Alene, the diabetic Veterans have their legs cut off when they reach the Petitioner's age of 76 years old with the progression of the diabetic disease. Petitioner would go into the wards during his shift at the hospital witness what Veterans Affair did to the Veterans. Then Petitioner would come home and break down crying at what he saw.

The Respondents, and each of them, in these actions by Veterans Affair, and the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice to Murder Petitioner, continue with their undisputed attempts to murder Petitioner, that are specifically for the purpose to continue their embezzlement of payments of Petitioner benefits of his 100% Service Connected Disability Benefits from his Veterans Affair Profile for their money laundering and identity theft violations. **Petitioner's benefits are now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule. Veterans Affair and Organized Crime Group(s) are violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony, (Veterans Affair and Respondents failing or refusing to notify the U.S. Attorney General for a criminal investigation and prosecution for FELONY EXTORTION under 18 U.S.C. § 1964(1)(A) or even a CIVIL INVESTIGATIVE DEMAND (18 U.S.C. § 1968) constitutes not only obstructions of justice under the RICO Act but also Wire Fraud under 18 U.S.C. § 1341 FRAUDS AND SWINDLES and 18 U.S.C. § 1343 FRAUD BY WIRE, RADIO through a scheme or artifice to defraud Petitioner Donald R. Karr, Jr.) are as an undisputed fact violating the Hobbs Act 18 U.S.C. § 1951 Robbery Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18**

U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973.

Petitioner, DONALD RICHARD KARR JR., has received no medications, that as an undisputed fact is elder abuse of Petitioner, from Veterans Affair in Spokane over the last over three (3) years, no payment of Choice Doctor or Private Doctors and Doctors Tests because it is an undisputed fact they are paid for by Medicare, now over fifty-five (55) times with no medical care payments to doctors or medications whatsoever from Veterans Affair which are the undisputed facts.

Petitioner's TRICARE Insurance should be given to the Petitioner immediately because Donald Lee Karr has no legal rights to have said benefits assigned to him from benefits that are the Petitioner's benefits not given to Petitioner since 1973 regardless of the undisputed fact that the Petitioner is a 100% Service Connected Disabled Veteran. The refusal of Veterans Affair payments of Petitioner's medical needs in the last over three (3) years, no payment of Choice Doctor or Private Doctors and Doctors Tests because it is an undisputed fact they are paid for by Medicare, now over fifty-five (55) times with no medical care payments to doctors or medications whatsoever from Veterans Affair should be paid immediately to the Petitioner because he has been 100% Service Connected Disabled since 1973 and is now in the Protected Status from the 55 year Rule since 2003 with the second time Petitioner qualified as 100% Service Connected Disabled in June 26th 2015 that Petitioner's benefits can't be changed at Veterans Affair.

DONALD R. KARR JR, the Petitioner, was deployed in Germany US Army USAREUR in the Special Weapons Depot, in April 1969 to December 1970 and he is the person that the 100% Service Connected Disability Benefits, GI BILL Educational and Chapter 34 Education Benefits and TRICARE Insurance were awarded to Petitioner in 1973 but Petitioner's 100% Service Connected Disability Benefits have not been given to him by Veterans Affair since the original award that was stolen before Petitioner was actually given the award in 1973 that is now in the Protected Status since 2003.

DONALD R. KARR JR, the Petitioner, is shown as the sponsor of TRICARE Insurance, shown in Exhibit I, that shows Petitioner has TRICARE Insurance benefits, which is

given to all 100% Service Connected Disabled Veterans and Petitioner's Benefits as 100% Service Connected Disabled twice in 1973 and in June 26th 2015 have block by Veterans Affair when they continue to pay Donald Lee Karr, Petitioner's benefits **now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule. Veterans Affair and Organized Crime Group(s) are the U.S. Attorney General for a criminal investigation and violating Petitioner's Civil Rights 18 U.S.C. §  241 Conspiracy Against Rights, 18 U.S.C. §  242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony.**

San Antonio Texas Veterans Affair, because Petitioner received these 100% Service Connected Disability benefits after he departed from Reno, Nevada thatwere stolen at San Antonio Texas Veterans Affair in November 2011. Petitioner was again not awarded his 100% Service Connected Disability benefits and not given his benefits, now in the Veterans Affair 55 year Protected Status since 2003 in San Antonio Veterans Affair. Veterans Affair has refused Petitioner's benefits working with the other Veterans Affairs facilities to illegally down grade Petitioner's benefits to a maximum of thirty percent (30%) service connected disability.

Veterans Affair reported Petitioner to the FBI placing him on the watch list so he could not own a gun, or hunt when in fact Petitioner was in fact 100% Service Connected Disabled, and Petitioner's 100% Service Connected Disability benefits were in the Veterans Affair 55 year Protected Status since 2003. The information from Veterans Affair was in fact false that Veterans Affair gave the FBI and Petitioner should be taken off this FBI watch list because he was put there illegally.

The TRICARE Insurance shows DONALD R. KARR JR, the Petitioner, as the sponsor and Donald Richard Karr that the second side of Petitioner's Profile that is 30% Service Connected Disability. DONALD R. KARR JR, the Petitioner, is designated by TRICARE Insurance as Sponsor with his Social Security number as the Sponsor. The Patient is shown as Donald Richard Karr who in this case is also the Petitioner who is in the 30% Service Connected Disability side of Petitioner's Profile at Veterans Affair. The Veterans Affair Profile of DONALD R. KARR JR, has two (2) sides in Veterans Affair, not one.

The Petitioner, Donald Richard Karr, Jr. was given a **CPAC machine in 2014 because of the Sleep Apnea Test October 2014 that W. John Ryan MD, Board Certified Internal Medicine Doctor in Boerne, Texas that is an automatic upgrade of 50% Service**

Connected Disability clearly demonstrating Veterans Affair prejudice of Petitioner Donald Richard Karr Jr., that Petitioner. On June 26th 2015 Veterans Affair diagnosed Petitioner Donald R. Karr, Jr. with type 2 Diabetes (insulin dependent) and Tinnitus, which is 30% Service Connected Disability rating, that establishes 100% Service Connected Disability rating for the second time in June 26th 2015 because the Petitioner's benefits are in the 55 Year Protected Status since 2003 when Petitioner turned 55 years old and can't be changed by Veterans Affair, but Veterans Affair refuses Petitioner any upgrade from the TOKEN 30% Service Connected Disability Benefits Condition and status. Clearly an upgrade in benefits that are now in the 55 Year Protected Status since 2003, that is illegal as an undisputed fact to refuse Petitioner his 100% Service Connected Disability Status and award a second time in June 26th 2015.

COMES NOW the Petitioner who re-alleges Veterans Affair Union Employees, the Respondents, and each of them, entered into a conspiracy with the Veterans Affair Employees that began in 1973 and that continues to the date of filing this Petition. Veterans Affair Union Employees, the Respondents, and each of them, money laundering and identity theft violations in over five (5) decades, plus they have stopped and blocked all attempts for Petitioner to obtain his GI Bill Educational Benefits or any Educational Benefits under Chapter 34 and redirected Petitioner's TRICARE Insurance in said conspiracy to ignore every effort to be transparent, follow the Rule of Law, producing 'false documents and false writings' of Petitioner's actual disabilities ratings and status as a 100% Service Connected Disable Veteran since 1973, as follows:

Petitioner, DONALD RICHARD KARR JR., has received no medications over the last over three (3) years, no payment of Choice Doctor or Private Doctors and Doctors Tests because it is an undisputed fact they are paid for by Petitioner's Medicare, now over fifty-five (55) times, with no medical care payments paid by Veterans Affair, for doctors or medications whatsoever from Veterans Affair. It is these undisputed facts that Veterans Affair Spokane has refused Petitioner his medical benefits including payment of his Choice Doctors and required medical tests. The Respondents, and each of them, have conspired to stop and have stopped and blocked all attempts of Petitioner, Donald Richard Karr Jr. to obtain any up grade in his benefits and applications, in over five (5) decades, plus they have stopped and blocked all attempts for Petitioner to obtain his GI Bill and Chapter 34 Educational Benefits or any Educational Benefits under Chapter 34 whatsoever. The Respondents, and each of them, have conspired to stop and have

stopped, redirected Petitioner's TRICARE Insurance (with the employees of TRICARE Insurance Kendra Becker, Michelle Frederick and Mary Stilen refusal to give Petitioner his TRICARE Insurance) now given to Donald Lee Karr who is **violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony**.

The Respondents, and each of them, have stopped and blocked all attempts of Petitioner, by monitoring Petitioner's benefits, and stopped and blocked the efforts of Petitioner, for over fifty (50) years that Petitioner, Donald Richard Karr Jr. shown in Petitioner's DD-214 shown in "Exhibit II" herein that is attached hereto and incorporated herein by this reference in his approximately twenty-six (26) attempts and applications to obtain benefits and an upgrade to obtain any additional benefits, without Petitioner knowing that Petitioner was already 100% Service Connected Disabled since 1973 now in the Protected Status since 2003.

**The Respondents, and each of them, have stopped Petitioner** from viewing his Computer Profile at Veterans Affair. Any and all adjustments in Petitioner's Veterans Affair Profile have been done without the Petitioner's consent and limited to only the clerical staff(s) and other Veterans Affair Staff input only, not the Petitioner. Petitioner has tried for over five (5) years to remove his ex-wife Jun Ping Karr as his Next of Kin, because he never designated her as his Next of Kin, when in fact they have been divorced over twenty years. Petitioner has not seen or heard from Jun Ping in over twenty-four (24) years and they are not married, she filed for divorce over twenty years ago. The undisputed fact is Jun Ping Karr is not Petitioner's Next of Kin or wife! Why would anyone designate someone as their Next of Kin when in Petitioner's case he has not seen or heard from in twenty-four (24) years and Petitioner is not married to Jun Ping. Veterans Affair is expecting to 'Murder Petitioner' for his benefits preparing an ID that has Jun Ping's name to collect Petitioner's next of kin benefits.

The impact of the Respondents and Veterans Affair Managements **violations are** the specific actions creating Petitioner's depression, that this creates for Petitioner as a Veteran that Veterans Affair, the Respondents, and each of them, by giving Petitioner's 100% Service Connected Disabled Veteran's benefits to **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony**, who has never served in the

Military. In Petitioner's case his sacrifice and the sacrifice of loosing over four (400) hundred of his friends and soldiers he was in the military with who died in Vietnam, clearly means nothing to Veterans Affair, its employees and its management when they have taken his 100% Service Connected Veterans Benefits since 1973. The fact that what Veterans Affair has done to Petitioner's relationship with his daughter who could not understand why her father got no benefits that he must have gotten a dishonorable discharge. This impacts Petitioner's life because he has no relationship with his daughter or his four (4) grandchildren he has never met! Petitioner can never repair these damages from Donald Ray Karr also known as Donald R. Karr, his son **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** and his grandson Donald Ray Karr with their theft of Petitioner's 1973 award of his 100% Service Connected Disability Benefits, GI BILL Educational and Title 34 Education Benefits and Petitioner's TRICARE Insurance stolen from Petitioner by Veterans Affair, and its staff, the Respondents, and each of them, and Donald Lee Karr on or about September 1973.

The Court may pursuant to **28 U.S.C. § 1651 (a)** provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law". In this case at bar **In Re: Quigley, 1 Vet. App. 1 (1990) (Quoting from In the Matter of the Fee Agreement of Smith, 4 Vet. App. 487.,500 (1993)** would respectfully show the Court. This honorable Court on the matters contained in this **CERTIORARI WRIT** and has original jurisdiction pursuant to **the holdings of the U.S. Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit in Lou vs. Beivberg, 834 F. 2d 730 hn. 4 (9ᵗʰ Cir. 1987) and violations of** the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands for over fifty (50) years.

Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are not protected by the **WESTFALL Act of 1988 28 U.S.C. § 2679.**

The Respondents, and each of them, have entered into a Conspiracy that Petitioner now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth herein. Substance prevails over form.

This Petition is for Petitioner's 1973 stolen award of his 100% Service Connected Disability Benefits, including medical benefits, monthly 100% Service Connected

Disability payments since on or about February 1968 that are 100% Service Connected Disability Benefits established commencing in February 1968 when Petitioner, Donald R. Karr Jr., spent his sixth week of Basic Training in Fort Ord Hospital. Petitioner Donald Richard Karr, Jr., who did not start school until 1974, had to take student loans to go to school and the Petitioner's daughter born in September 1974 was told there were no benefits for her to obtain for school in Petitioner Profile. Petitioner, Donald R. Karr Jr., is victim the Veterans Affair Employees, and the Veterans Affair Computer Profile changes and at Veterans Affair money laundering and identity theft since 1973 to redirected without payment to Petitioner or Petitioner's father Donald Richard Karr, Sr. benefits, without their knowledge of what the Respondents, and each of them, have been doing for over fifty (50) years.

**Petitioner's monthly 100% Service Connected Disability** payments, military disability benefits payments that are currently stolen and paid to Donald R. Karr, a former Los Angeles area Union Employee at Veterans Affair, and his family, his son **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** through the 100% Service Connected Disabled Benefits side of Petitioner's Profile. Petitioner is held by Veterans Affair, the Respondents, and each of them, without any upgrade of benefits, since on or about September 1973, such that Petitioner only receives, his current 30% non-service connected disability payments, without any other benefits, for education, medications, payment of choice doctors, or any required Choice Doctor ordered test. Petitioner's disabilities payments required for Petitioner's medical care refused by Veterans Affair. Veterans Affair has refused and said payments to Petitioner since on or about September 1973 stolen from Petitioner, when Petitioner returned his first two (2) GI BILL Education Checks to Veterans Affair in the Los Angeles area where Donald R. Karr, a former Los Angeles area Union Employee worked at Veterans Affair, because the payment came before Petitioner, Donald Richard Karr, Jr. school started in 1974.

Petitioner was told at Cal Poly Pomona University where Petitioner began school in 1974, that someone (Donald Lee Karr) who said he was Petitioner, producing identification that he was Petitioner, had asked for a copy of Petitioner's transcripts, when Petitioner asked for a copy of Petitioner's transcripts a couple weeks later at Cal Poly Pomona University, **violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983**

violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony.

Veterans Affair is now charging Petitioner copay charges when Petitioner is in fact 100% Service Connected Disabled Veteran that the TRICARE Insurance is authorized as an undisputed fact since 1973. The Respondents, and each of them, have taken said payments from Petitioner's 100% Service Connected Benefits that Petitioner would receive monthly, from the illegal billings from Veterans Affair and from TRICARE dated May 13th 2022, shown in Exhibit I listing Petitioner according to how his Profile is falsely shown at Veterans Affair with the 30% Service Connected Disability Benefits that reads Donald Richard Karr, as a dependent and the Sponsor, is the Petitioner, Donald R. Karr, Jr., showing someone is actually using Petitioner's 100% Service Connected Disability and Petitioner's social security number side of Petitioner's 100% Service Connected Disability and TRICARE Insurance benefits that Petitioner has been unable to use since 1973, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider a Crime,** are in fact Petitioner Donald R. Karr, Jr's benefits now in the **Protected Status pursuant to Veterans Affair 55 year Rule since 2003, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violations, in this matter may be heard as a Continuing Criminal Enterprise (CCE) have established their TREASON and the Respondents, and each of them, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner Donald R. Karr, Jr.!.** TRICARE Insurance has illegally deducted copay from Petition's benefits and Petitioner has not authorized TRICARE Insurance to deduct any money from his Veterans Affair benefits or Social Security benefits.

It is in fact Donald Richard Karr, Jr., the Petitioner 'who with his military service to this Country' has earned the 100% Service Connected Disability benefits, because Donald Richard Karr, Jr., the Petitioner, spent his sixth week of basic in the hospital'. Donald Richard Karr, Jr., the Petitioner, disabilities for his original 1973 award, are part of his primary service connected disability because of his Chronic Bronchitis #6600 for his 60% Service Connected Disability. Donald Richard Karr, Jr., the Petitioner, secondary service connected disability is Asthma #6602 which is 30% Service Connected Disability. Donald Richard Karr, Jr., the Petitioner, final service connected disabilities of Petitioner are mold

and cedar allergies plus cotton wood trees, poison oak, etc (that would be rated as a minimum of 10% Service Connected Disability for Donald Richard Karr, Jr., the Petitioner's total of 100% Service Connected Disability Benefits for Petitioner. Petitioner's mold and cedar allergies were from the barracks at Fort Ord, in basic training. These are the 100% service connected disabilities, that combining Chronic Bronchitis #6600 with mold and cedar allergies will cause you to stay in the hospital for a week at Ft. Ord during basic training. The mold and cedar allergies with Petitioner having small and large bronchial tubes cause Petitioner's Chronic Bronchitis #6600, that has now developed into Stage 2 COPD #6604, which Petitioner uses Anoro Ellipta.

In June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is an increase of 30% Service Connected Disability rating, this did not show the that Petitioner was given a **CPAC machine in 2014 because of the Sleep Apnea Test October 2014 that W. John Ryan MD, Board Certified Internal Medicine Doctor in Boerne, Texas did that is an automatic upgrade of 50% Service Connected Disability clearly demonstrating Veterans Affair prejudice of Petitioner Donald Richard Karr Jr., that Petitioner. On June 26th 2015 Veterans Affair diagnosed Petitioner Donald R. Karr, Jr. with type 2 Diabetes (insulin dependent) and Tinnitus, which is 30% Service Connected Disability rating,** that establishes 100% Service Connected Disability rating for the second time in June 26th 2015, because the Petitioner's benefits are in the 55 Year Protected Status since 2003 when Petitioner turned 55 years old and can't be changed by Veterans Affair, but Veterans Affair refuses Petitioner any upgrade from the TOKEN 30% Service Connected Disability Benefits Condition and status. Clearly an upgrade in benefits that is now in the 55 Year Protected Status since 2003, that would be illegal as an undisputed fact to refuse Petitioner his 100% Service Connected Disability Status and award a second time in June 26th 2015, but Veterans Affair refused Petitioner any upgrade from the TOKEN 30% Service Connected Disability Benefits Condition. These were not the reasons Petitioner spent his sixth week of basic training in the hospital. Asthma #6602 does cause you to go to the hospital for a week. However, Petitioner's Chronic Bronchitis #6600 his primary disability will, when that Petitioner earned these benefits in 1973 that he, Donald Richard Karr, Jr., the Petitioner has earned as a member of the military.

It was difficult when Donald Richard Karr, Jr., the Petitioner, was a CWT at Veterans Affair when he asked the Head Clerk at Veterans Affair in Kerrville, Texas, about his benefits, she told Petitioner he would never be more than thirty (30%) percent disabled

but she gave no explanation why and this really had nothing to do with Petitioner's disabilities as a Vietnam Veteran. The Head Clerk at Veterans Affair in Kerrville, Texas, knew Petitioner was more than thirty (30%) percent disabled, because she could see his profile at Veterans Affair. Petitioner was not allowed to see his Profile. The reasoning was simple, there were two (2) people in Petitioner's Profile, and Veterans Affair locked Donald Richard Karr, Jr., the Petitioner out of his benefits to give them to Donald Lee Karr son of Donald R. Karr, a former Los Angeles area Union Employee at Veterans Affair, that are the military disability benefits payments that are currently stolen and paid to Donald R. Karr, a former Los Angeles area Union Employee at Veterans Affair, and his family, his son Donald Lee Karr, through the 100% Service Connected Disabled Benefits side of Petitioner's Profile, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider is a Crime, are in fact Petitioner Donald R. Karr, Jr's benefits in the Protected Status pursuant to Veterans Affair 55 year Rule since 2003, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violations, in this matter may be heard as a Continuing Criminal Enterprise (CCE) have established their TREASON and the Respondents, and each of them, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner Donald R. Karr, Jr.!**

I.

## DISCOVERY CONTROL PLAN

Petitioner intends to conduct discovery pursuant to the Rules of the United States District Court for the Ninth Circuit Court Division.

II.

## THE PARTIES

A.    **Petitioner (once loss of benefits are determined by the Court then this matter may be heard as a Writ of Mandamus and as a Complex Litigation Complaint**

Federal Rules 4, 9 and 16 with Plaintiff's request for a Jury Trial 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'), Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider.

     B.     Respondents: President Joseph R. Biden Jr., United States of America, Department of Veterans Affair, Denis Mc Donogh, Secretary, TRICARE Insurance (with the employees of TRICARE Insurance Kendra Becker, Michelle Frederick and Mary Stilen), Dr. Micheal Abrahams, that this 'Case of First Impression with Special Circumstances including the Attempted Murder of Petitioner' against the Respondents, and Does 1 thru 1,500 Does.

### III

### JURISDICTION AND VENUE

     **A. Jurisdiction.** The Court has jurisdiction over the parties, the subject matter of the controversy, and the amount in controversy in this case with the past over fifty (50) years of Organized Crime at Veterans Affair, that is subject of this Petition, with complete absence of any Rule of Law, rising to the level of Racketeering Activities, with demonstration of the Doctrine of Unclean Hands, for over fifty (50) years. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are not protected by the WESTFALL Act of 1988 28 U.S.C. § 2679. The Respondents, and each of them, have entered into a Criminal Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. § § 1961 (5), 1962 (d), Petitioner now alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth herein. Substance prevails over form.

**Jurisdiction** This honorable Court on the matters contained in this **CERTIORARI WRIT 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'** and has original jurisdiction pursuant to the **RICO Act remedies at 18 U.S.C. § 1964, and the holdings of the U.S. Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for**

the Ninth Circuit in <u>Lou vs. Beivberg,</u> 834 F. 2d 730 hn. 4 (9th Cir. 1987) and violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus their violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of RacketeeringActivities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) Veterans Affairs continues to the date of filing this Petition to ignore every effort to be transparent, follow the Rule of Law, and continues producing 'false documents and false writings' of Petitioner's ratings and status as a 100% Service Connected Disable Veteran since 1973 and a second time June 26th 2015.

**B. Venue.** The venue in this case is proper in the District of Montana the Ninth Circuit Court Division. VETERANS AFFAIRS DUTY OF GOOD FAITH AND FAIR DEALING! AS A STRICTLY MINISTERIAL DUTY OF CARE IS DEMONSTRATED THAT VETERANS AFFAIRS HAS DEMONSTRATED GROSS NEGLIGENCE EQUATING TO FRAUD, PREJUDICE OF PETITIONER with imputed and gross negligence equating to FALSE WRITINGS, FRAUD AND FALSE STATEMENTS.

IV.


## FACTUAL BACKGROUND


A.     Introduction

The Respondents, and each of them, have for over fifty (50) years committed Undisputed Acts of TREASON, 18 U.S.C. §§ 2381 & 2384 & 28 USC § 2412 Crimes of Donald Ray Karr. Also known as Donald R. Karr Veterans Affair employee in 1973, Against Petitioner, to KILL him, to take Petitioner's Profile to give to his son, Donald Lee Karr. Said Criminal RICO Acts, by the Respondents, and each of them, continue to the date of filing this Petition violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights

plus Veterans Affair violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) since 1973 by the Organized Crime Group at Veterans Affair. Veterans Affairs, the Respondents, and each of them, continue to the date of filing this Petition to ignore every effort to be transparent, follow the Rule of Law, by the continued production of 'false documents and false writings' of Petitioner's disability ratings and status as a 100% Service Connected Disable Veteran since 1973 and 2015 the second time Petitioner is 100% Service Connected Disability rated with his actual disabilities, with VETERANS AFFAIRS DUTY OF GOOD FAITH AND FAIR DEALING! AS A STRICTLY MINISTERIAL DUTY OF CARE VETERANS AFFAIRS HAS DEMONSTRATED GROSS NEGLIGENCE EQUATING TO FRAUD; with imputed and gross negligence equating to FRAUD AND FALSE STATEMENTS under 18 U.S.C. § 1001 and violations by Veterans Affair Management, and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are not protected by the WESTFALL Act of 1988 28 U.S.C. § 2679.

Petitioner's Chronic Bronchitis #6600 that is Petitioner's Primary Disability, Asthma #6602 Petitioner's Secondary Disability, and that has now progressed to Emphysema #6603 and COPD #6604 disease conditions are verified by his Veterans Affairs doctors in 2004 and 2005 in Reno Veterans Affairs when Petitioner had surgery, the specific reason that Petitioner was awarded his 100% Service-Connected Disabled Veteran benefits when Petitioner made his second application CXXXX6558 in RENO Veterans Affair, when Petitioner had emergency gallbladder surgery on or about 2003 that establishes the Petitioner's 100% Service Connected Disability in 1973 and 2015 in the 55 year Protected Status, established Petitioner 1973 award and 2015 award as a 100% Service Connected Disabled!

Petitioner, Donald R. Karr, Jr. has Chronic Bronchitis #6600 which has been his 60% service connected disabled condition since said award of 1973 that is part of his childhood disease exacerbated by military service, because Petitioner has small and

large bronchial tubes, that is the reason Petitioner spent his sixth week of Basic Training in hospital in February 1968.

Petitioner's allergy condition trigger of cottonwood trees, mold and cedar allergies causing the Petitioner, DONALD RICHARD KARR, JR. CXXXX6558 allergic reactions for his Chronic Bronchitis #6600 condition because Petitioner has small and large bronchial tubes, is 60% Service Connected Disability condition, Petitioner's Asthma #6602 is his secondary disability condition that is 30% Service Connected Disabled Condition disability may also send him to the hospital because of his allergies but not for a week. Petitioner's Emphysema #6603 disease condition and COPD #6604 disease conditions are conditions which has caused the progression of his diseases with COPD at stage 2 now in the filing of this Petition.

The Emphysema #6603 disease condition and COPD #6604 disease conditions are shown in Methodist Boerne Emergency Room notes by three (3) Texas Board Certified ER Doctors [(1) Becky Doran MD (November 10, 2013 visit to ER); (2) Liza Chopra MD (November 27, 2013 visit to ER); and (3) Craig Gerstenkom MD (December 31, 2013 visit to ER)] and also established by the COPD #6604 test of W. John Ryan MD Texas Board Certified Internal Medicine, test January 10th 2014, again establishes Pettioner's 100% Service-Connected Disabled conditions in 2013 in the Protected Status 55 year Rule since 2003. Petitioner's allergies noted in Veterans Affair Doctors notes in 2004 and 2005, 2013 and 2014 that make the Veterans Affair award on or about November 4th 2013 a 'false writing and fraudulent award' as an undisputed fact, the third test ordered in August 2013 that was canceled but would have established the Petitioner was 100% Service Connected Disabled. Marie L. Weldon, Director at Veterans Affair in San Antonio, Texas, canceled the third Test to produce a 'false finding and false writing' of Petitioner Donald R. Karr, Jr. test for his 100% Service Connected Disability status in the 55 year Protected Status since 2003. Veterans Affair care for Petitioner's 100% Service Connected Disability Diseases for his Chronic Bronchitis #6600 condition, because Petitioner has small and large bronchial tubes, Petitioner's Asthma #6602 disability may also send him to the hospital because of his allergies. Petitioner's Emphysema #6603 disease condition and COPD #6604 now in Stage 2 disease conditions are conditions which the progression of Petitioner's diseases that have now become COPD #6604 which Veterans Affair refuses Petitioner treatment as a 100% Service Connected Disabled Veteran in 1973 and a second time in June 26th 2015 for Petitioner's 100% Service Connected Disability Status.

**It is an undisputed fact that, DONALD LEE KARR continues impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider a Crime, are in fact Petitioner Donald R. Karr, Jr's benefits in the Protected Status pursuant to Veterans Affair 55 year Rule since 2003, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violations, in this matter may be heard as a Continuing Criminal Enterprise (CCE) have established their TREASON and the Respondents, and each of them, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner Donald R. Karr, Jr.** did not serve in the military, when in fact Donald Richard Karr Jr., Petitioner served in the US Army and has provided Veterans Affair his DD 214 and has proved medical proof from doctors at Veterans Affair, plus four (4) Board Certified Doctors in 2013 and 2014, plus many Private and Veterans Affair doctors subsequent to Petitioner checking into San Antonio Veterans Affair in November 2011 of his medical status, and as a veteran, to establish Petitioner is the veteran that the military benefits belong to which again are noted as Donald R. Karr, Jr. that is 100% Service Connected Disabled since 1973 and a second time 100% Service Connected Disabled on June 26th 2015, on Petitioner's TRICARE Insurance billing dated May 13th 2022, that is an undisputed fact the Petitioner's TRICARE Insurance in said bill from TRICARE Insurance which no payment is due from Petitioner. On June 26th 2015 to 60% Service Connected Disability and upgraded an additional 50% service connected disability on or about October 2014 because of the issuance of the CPAC Machine after the Sleep Apnea test completed by W. John Ryan MD Board Certified Internal Medicine doctor in Boerne, Texas which upgraded Petitioner a second time to 100% Service Connected Disabled.

Veterans Affair has presented 'false writings and false findings', that are as an undisputed fact, treating Donald Richard Karr Jr., Petitioner, with prejudice for over fifty (50) years so that Veterans Affair can continue to not pay Petitioner his first award of 100% Service Connected Disability Benefits since on or about September 1973. TRICARE Insurance billings dated January 30th 2023 and August 25th 2023 showing the Sponsor as Donald R. Karr Jr the Petitioner and Petitioner's social security number plus the letter sent to TRICARE Insurance Mary Stilen dated February 15th 2023. Petitioners' Tricare Insurance benefits refused by Michelle Frederick and Mary Stilen so that Petitioner's 100% Service Connected Disability Benefits, are given to **Donald Lee Karr**

Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony, who is not a Veteran and his family, has made it impossible for Petitioner to obtain his TRICARE Insurance and Petitioner's Medicaid Insurance, without Petitioner being able to use his Medicaid that the State of Idaho refuses to give to Petitioner the number of this Medicaid Insurance.

Veterans Affair, the Respondents, and each of them, have caused Petitioner's damages that resulted in loss income and livelihood, unable to work in his profession including without education benefits to get re licensed as a General Engineering (A)  Contractor and General Building (B) Contractor and the loss of profits as a land designer, planner and developer. Veterans Affair refusal of Chapter 34 Education benefits to  Donald Richard Karr Jr., Petitioner, when in fact it is undisputed that Petitioner's Educational Benefits have been given by Veterans Affair paid and redirected to Donald Lee Karr other than Petitioner since on or September 1973, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider a Crime, are in fact Petitioner Donald R. Karr, Jr's benefits in the Protected Status pursuant to Veterans Affair 55 year Rule since 2003, violating Petitioner's Civil Rights 18 U.S.C. §  241 Conspiracy Against Rights, 18 U.S.C. §  242 Deprive Under Color of Law and 28 U.S.C. § 1983 violations, in this matter may be heard as a Continuing Criminal Enterprise (CCE) have established their TREASON and the Respondents, and each of them, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison,  Guantanamo, Cuba (GITMO)**

The fact that Petitioner's Education benefits have been stolen means nothing to the staff at Veterans Affair, and Veterans Affair Union, who want Petitioner to work at 'McDonalds or Jack in the Box', because all of Petitioner's education benefits have been paid out and redirected to **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** rather than Petitioner since on or September 1973. The Veterans Affair Management, the Union Veterans Affair Employees, libel and slander and defamation of Donald Richard Karr Jr., Petitioner civil rights, defamation of Donald Richard Karr Jr., Petitioner character, slander of Donald Richard Karr Jr., Petitioner personal credit and other damages for failure of Veterans Affair to pay medical payments or to make an effort to be fair and equitable with Petitioner when in fact all

said payments are owed by Veterans Affair to Petitioner is meaningless with these Veterans Affair Organized Crimes Group and their Crimes against Petitioner and their RICO Act predicated crimes they have committed against the Petitioner for over fifty (50) years.

The greed of the Respondents, and each of them, to think that the Petitioner should work at McDonalds or Jack in the Box, when Petitioner has been working in Civil Engineering Design since 1972 and General Engineering & General Building Contractors Profession since 1976. Veterans Affair gave all of Petitioner's Education Benefits to **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** and his son Donald Ray Karr and Petitioner was refused all of his educational benefits by Veterans Affair.

If Veterans Affair in San Antonio had helped Petitioner in November 2011 when he came to Veterans Affair for help, when in fact Petitioner was given nothing, and without Petitioner's award of his 100% Service Connected Disabled Veterans Benefits, when Petitioner was forced to instead to be a Homeless Veteran, in San Antonio, Texas because Veterans Affair Director Marie L. Weldon forced Petitioner to live on the streets of San Antonio. Petitioner instead, not being treated according to his disabilities, that Marie L. Weldon ignored, that Petitioner was a 100% Service Connected Disabled Veteran. Marie L. Weldon refusing Petitioner his 100% Service Connected Disability Benefits and instead she threw Donald Richard Karr Jr., Petitioner on the Street to survive homeless with nothing.

Petitioner, once he was homeless on the streets of San Antonio, had to go at night to the Hospital, not Veterans Affair of course, to sleep on the toilet in the bathroom, sneaking out in the morning to go to a hotel for free breakfast and have his lunch at the San Antonio Catholic house for food with no payment required of Donald Richard Karr Jr., Petitioner, a 100% Service Connected Disability Benefits but not paid plus refused benefits and Petitioner's benefits redirected to Donald Lee Karr. The undisputed fact is Veterans Affair was protecting **Donald Lee Karr, so that he can continue impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider a Crime, with the benefits that are in fact Petitioner Donald R. Karr, Jr's 100% Service Connected Disability benefits since 1973 in the Protected Status pursuant to**

Veterans Affair 55 year Rule since 2003, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violations. Petitioner's 100% Service Connected Disability benefits paid to **Donald Lee Karr** not Petitioner since on or about September 1973, not a Veteran and not HOMELESS in San Antonio, because in November 2011 Petitioner's benefits were in the 55 year Protected Status since 2003, Veterans Affair refused Petitioner his 1973 award of 100% Service Connected Disability Benefits, GI BILL Educational and Education Benefits and Petitioner's TRICARE Insurance.

This is what has been done to Petitioner for almost Thirteen (13) years that Petitioner has been homeless, off and on, trying to get his 1973 award of his 100% Service Connected Disability benefits, now in the 55 year Protected Status since 2003, that have been stolen by the Respondents, and each of them. The Veterans Affair Workers and Union Membership that have committed these crimes should be taken to **GITMO** where they can die and be buried in the PRISON yard, so they can never return to the United States and their citizenship revoked for their intentional and illegal acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner for over fifty (50) years.

Dr. Arturo R. Llanos MD was in Walmart in Kerrville, Texas a few days later, on or about October 25th 2013, after Veterans Affair Dr. Arturo R. Llanos MD gave Petitioner the overdose of this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, that the Petitioner was told to take every four (4) hours, with the specific oral instructions given to Petitioner by Veterans Affair Dr. Arturo R. Llanos MD GOLD TEAM. Veterans Affair Dr. Arturo R. Llanos MD with his son and when Texas Veterans Affair Dr. Arturo R. Llanos MD saw Petitioner he looked as if he had just seen a ghost! Veterans Affair Dr. Arturo R. Llanos MD GOLD TEAM Veterans Affair doctor saw Petitioner and departed from Walmart immediately without buying anything.

In December 2014 Dr. Arturo R. Llanos MD and Marie L. Weldon Director of San Antonio Veterans Affair conspired and killed Carlos Cortez by overdose, another Vietnam Veteran 82nd AIRBORNE. It was Carlos Cortez final wish to be buried at Ft. Sam in San Antonio. Marie L. Weldon, Director of Veterans Affair in San Antonio blocked this from happening for six (6) weeks, while Carlos Cortez body laid in a card board box at the Funeral Home, until a three star general stepped in so Carlos Cortez could be buried. Carlos had to be cremated because of Marie L. Weldon made it so his body could not be viewed in a casket. It was said in San Antonio and Kerrville, Texas

that Marie L. Weldon was responsible for over three hundred (300) deaths of veterans as the Director of Veterans Affair supervising both the Kerrville (removing the Emergency Room) and the San Antonio Veterans Affair. Marie L. Weldon came up on to Petitioner's porch where he lived in Kerrville without a bra or invitation! Marie L. Weldon nick name at Veterans Affair was Crazy Bitch by the veterans who worked at the Kerrville Veterans Affair.

The Court may act for example **pursuant to 28 U.S.C.A. § 1651 (a)** provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law". In this case at bar **In Re: Quigley, 1 Vet. App. 1 (1990) (Quoting from In the Matter of the Fee Agreement of Smith, 4 Vet. App. 487.,500 (1993)** would respectfully show the Court the over **fifty (50) years of Organized Crime at Veterans Affair, that began on or about September 1973, when Veterans Affair, the Respondents, their employees and agents, for their own unjust enrichment have embezzlement the 1973 Petitioner's award of Petitioner's 100% Service-Connected Disability Benefits, Donald Richard Karr Jr., Petitioner's GI Bill Education Benefits and Petitioner's TRICARE Insurance, through money laundering and identity theft, for over fifty (50) years six hundred seventy-three (673) months, through February 2024 since February 1968 when** Donald Richard Karr Jr., Petitioner was in the Hospital at Ft Ord. The Respondents, and each of them, have stolen over fifty-six (56) years of Petitioner's benefits through February 2024. Petitioner, DONALD RICHARD KARR JR, award of his 100% Service Connected Disability Benefits Award, that Petitioner received in 1973 that was given to **Donald Lee Karr so that he can continue impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 that is a continuation of the criminal conspiracy for over fifty (50) years, Impersonating a Solider a Crime, benefits that are in fact Petitioner Donald R. Karr, Jr's benefits in the Protected Status pursuant to Veterans Affair 55 year Rule since 2003, violating Petitioner Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983** as an undisputed fact stolen when Donald Richard Karr Jr., Petitioner was an active Military reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company.

At various times and places partially enumerated in Petitioner's documentary material, all did conspire to acquire and maintain an interest in a RICO Enterprise that the Respondents, and each of them, have in the past over fifty (50) years engaged in a pattern of racketeering activity, in **violation of 18 U.S.C. § § 1962 (b) and (d).** At various

times and places partially enumerated in Petitioner's documentary material, all Respondents did conspire to acquire and maintain an interest in a **RICO Enterprise engaged in a pattern of Racketeering Activity, in violation of 18 U.S.C. § § 1961 (4), (5) and (9).** During the forty (40) calendar years preceding November 4th 2013 A.D., all Respondents did cooperate jointly and severally in the commission of two (2) or more of the predicated acts that are itemized at **18 U.S.C. § 1961 (1)(A) and (B), in violation of 18 U.S.C. § 1962 (d).**

Petitioner further alleges that all Respondents did commit two (2) or more of the offenses itemized above in a matter which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective Racketeering Activities, also in **violation of 18 U.S.C. § 1962 (d) (Prohibited activities supra).**

Petitioner's Original Petition for Writ of Mandamus 'Case of First Impression with Special Circumstance Including Multiple Attempts to Murder Petitioner, including by overdose by Veterans Affair Doctor Arturo Llanos. **Petitioner, Donald Richard Karr Jr.,** has been the victim of Veterans Affair Obstruction of Justice with the Respondents, and each of them, over fifty (50) years of Petitioner's Stolen 100% Service Connected Disabled Veterans Benefits since 1973.

Petitioner spent three (3) trips to the ER at Methodist Hospital Trauma Level Four Hospital in November 2013 and December 2013, to keep from dying from Dr. Arturo R. Llanos MD overdose of medications that Donald Richard Karr Jr., Petitioner, was told to take this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, every four (4) hours, with the specific oral instructions given to Petitioner of a medication that is a twelve (12) hour medication, these **Undisputed Acts of trying to Murder Petitioner, TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes** Against Petitioner to KILL Petitioner to take Petitioner's 1973 award of his 100% Service Connected Veterans Affair Computer Profile and benefits, harassment as a Veterans Affair Whistle Blower since 2013, that is Obstruction of Justice, in the Criminal Enterprise within Veterans Affair with Veterans Affair Employees, Veterans Affair Union Employees and agents KILLING VETERANS FOR THEIR BENEFITS in the Veterans Affair Facilities and its Veterans Affair Union's Money Laundering and Identity Theft and Racketeering operation.

      **B.**    **Factual Circumstances.** Donald Richard Karr Jr., Petitioner, original 1973

award for his 100% Service Connected Disability Benefits, as part of his Primary service connected disability is Petitioner's Chronic Bronchitis #6600 which is the 60% Service Connected Disabled since 1973. Petitioner's Secondary Service Connected Disability is Asthma #6602 which is the 30% Service Connected Disabled since 1973. The final service connected disabilities of Petitioner that include mold and cedar allergies, cotton wood trees, poison oak, etc., that would be rated as a minimum of 10% Service Connected Disability, for the total disabilities rating of 100% Service Connected Disability Benefits for Petitioner since 1973. Petitioner's mold and cedar allergies also discovered in February 1968, now in Protected Status 55 year Rule since 2003, were caused from the barracks at Fort Ord, in basic training in February 1968. These Chronic Bronchitis #6600 (60% Service Connected Disabled), Asthma #6602 (30% Service Connected Disabled) disabilities plus the mold and cedar allergies (minimum 10% Service Connected Disabled) are Donald Richard Karr Jr., Petitioner's total 100% service connected disabilities since 1968, but have never been paid to Petitioner, that where the reasons Petitioner spent his sixth week of basic training in the hospital at Ft. Ord Army Base. Asthma does not cause you to go to the hospital for week. Petitioner's Chronic Bronchitis #6600, will when combining Chronic Bronchitis #6600 with mold and cedar allergies, will cause Donald Richard Karr Jr., Petitioner to stay in the hospital for a week at Ft. Ord. The mold and cedar allergies with Petitioner having small and large bronchial tubes caused Petitioner's Chronic Bronchitis #6600, that has now developed into COPD #6604 stage 2, which Petitioner uses Anoro Ellipta. In June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating but Veterans Affair refused Petitioner any upgrade from the Petitioner's TOKEN 30% Service Connected Disability rating since 1973, because Donald Richard Karr Jr., Petitioner's Computer Profile at Veterans Affair has two (2) sides. Petitioner will never be upgraded because Veterans Affair, the Respondents and each of them, are violating Petitioner's Civil Rights. **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** that has had his 1973 award of his 100% Service Connected Disability Benefits, GI BILL Educational Benefits and TRICARE Insurance stolen from Petitioner by Veterans Affair and its staff, the Respondents, and each of them, giving same to Donald Lee Karr, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** that started on or about September 1973.

Petitioner can not get his diabetic shoes from Veterans Affair, because Veterans Affair Employees are stealing Donald Richard Karr Jr., Petitioner's shoes rather than issuing

his shoes to him since 2015. Veterans Affair and Veterans Affair Union have continued with this Organized Crime Group at Veterans Affair since 1973, so Petitioner has not received his shoes from Veterans Affair since 2015, when Mike Olsen, a Veterans Affair Union Representative, blocked Petitioner from receiving any additional shoes from Veterans Affair. Veterans Affair as an undisputed fact, owes Petitioner his two (2) pair of Veterans Affair shoes, inserts, and six (6) pairs of diabetic socks with each pair of shoes, with each pair of shoes since 2015.

Now, since relocating to Coeur d' Alene, Idaho on or about September 2016, because of Mike Olsen, a Veterans Affair Union Representative, blocked Petitioner from receiving any additional shoes from Veterans Affair since 2015. Petitioner can not get the correct size diabetic shoes, or from Medicare, because Veterans  Affair's vendor Wayne Clair Johnson, who has not given Petitioner his Veterans Affair shoes, because Wayne Clair Johnson has stolen Petitioner's shoes. Veterans Affair has not sanctioned Wayne Clair Johnson's RICO Act violations and Racketeering Operation whilePetitioner's benefits **now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule. Veterans Affair and Organized Crime Group(s) are the U.S. Attorney General for a criminal investigation and violating Petitioner's Civil Rights 18 U.S.C. §   241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** and Veterans Affair has refused to replace said shoes for Petitioner. Veterans Affair's vendor Wayne Clair Johnson refused to order Petitioner's correct size shoes based upon the fact Donald Richard Karr Jr., Petitioner has never been measured for Petitioner's shoes or to determine what Petitioner actual shoe size is! The Petitioner's shoe size is based upon the needs of a third party person that Veterans Affair's vendor Wayne Clair Johnson is ordering Petitioner's Veterans Affair shoes for. Veterans Affair's vendor Wayne Clair Johnson ordered Petitioner's shoes, that were paid for that Veterans Affair in Spokane, who paid in 2020 and 2021 for Veterans Affair shoes for one of Wayne Clair Johnson's other customers. These are in fact violations by Veterans Affair's vendor Wayne Clair Johnson of **18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government)** by the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine

of Unclean Hands by Wayne Clair Johnson, doing business as Lake City Shoe Repair, representing Veterans Affair, ordered and received payment from Veterans Affair and MEDICARE for Petitioner for two (2) pair of MEDICARE shoes, four (4) pairs of Veterans Affair diabetic shoes for Petitioner that were not the correct size shoes to fit Petitioner paid for by Veterans Affair and Medicare. The correct size shoes for Petitioner is 11 1/2 EEE but Wayne Clair Johnson is ordering size 12 EEEEE. **RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government).**

The wrong size shoes from Veterans Affair since 2015, plus refusal to issue shoes since 2015 and Petitioner did not get his Veterans Affair Diabetic Shoes from Wayne Clair Johnson, **Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** doing business as Lake City Shoe Repair. Wayne Clair Johnson, doing business as Lake City Shoe Repair, ordered Petitioner four (4) pair of Veterans Affair Shoes and two (2) Medicare shoes for a total of six (6) pairs of shoes for 2020 and 2021 that did not fit Petitioner. Wayne Clair Johnson, doing business as Lake City Shoe Repair resold the Veterans Affair shoes to another customer violating Petitioner's **Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights, RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government)** as the Organized Crime Group that began with Donald Ray Karr also known as Donald R. Karr, Veterans Affair Union Employee in 1973, that began this Money Laundering and Identity Theft since 1973, rising to the level of Racketeering Activities **under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** in Wayne Clair Johnson, doing business as Lake City Shoe Repair conspiracy with Veterans Affair, the Respondents, and each of them. Veterans Affair has refused to replace, or supply Petitioner any shoes since 2015, because of the scam that started from Mike Olsen of Veterans Affair and Veterans Affair Union Representative and now Wayne Clair Johnson RICO Act violations.

Donald Richard Karr Jr., Petitioner should now obtain thirty-three (33) pairs of shoes, inserts and six (6) pairs diabetic shocks for each pair of shoes since 2015 from Veterans Affair and now including 2024 because of the scam from Mike Olsen of Veterans Affair and Wayne Clair Johnson that as a reasonable good faith solution a total of thirty-three (33) pairs of diabetic shoes size 11-1/2 EEE, twenty-seven (33) pairs of diabetic shoes inserts size 11-1/2 EEE, and six (6) pairs diabetic shocks for each pair of shoes size large. The list of shoes is shown in Exhibit III attached hereto.

Regardless of these failures by Veterans Affair that began in Kerrville Texas in 2015 no effort by Veterans Affair has been made to the date of filing this Petition by Veterans Affair to make good on the wrongful acts of Mike Olsen and Wayne Clair Johnson, **Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** doing business as Lake City Shoe Repair with the specific diabetic shoes for replacement shown in "Exhibit III" herein that is attached hereto and incorporated herein by this reference. Petitioner asks that Court Prosecute the Respondents, and each of them, Criminally **under 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) because the stolen diabetic shoes, inserts and shocks have been stolen since 2015, plus Veterans Affair Management, the Respondents, and each of them, violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act.**

   **C. Refusal of Petitioner's 100% Service Connected Benefits of all his applications with Veterans Affair.** Donald Richard Karr Jr., Petitioner has been unable to obtain his original award that was stolen from him in 1973 which is over fifty (50) years of refusing Petitioner his 100% Service Connected Disability Benefits. Veterans Affair continues their false writings and refuses Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, that was not given to Petitioner for his 1973 award of his 100% Service Connected Disability rating, that now has been the last over fifty (50) years that Veterans Affair Organized Crime Groups within Veterans Affair and its Management have existed with their **Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification**

documents) **18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government)** since 1973, the Respondents, and each of them, have refused Petitioner his benefits. At Veterans Affair they will not rate Petitioner more than 30% (non) service connected disabled, Petitioner is refused 'any education benefits' or health care payments from Veterans Affair to pay for Choice and Private Doctors, Emergency Room Doctors and Staff, required medical tests, medications that have been paid by the Petitioner and his Medicare. Veterans Affair has refused Petitioner as a 100% Service Connected Disabled Veteran since 1973 his required medical needs as a Veteran.

D. **False Writings by Veterans Affair, the Respondents, and each of them,** to set up over fifty (50) years of refusal of Petitioner's 100% Service Connected Benefits specifically making no effort to change Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,  status from the 30% Service Connected Disability Rating shown in "Exhibit IV" herein that is attached hereto and incorporated herein by this reference, to his actual 1973 status of 100% Service Connected Disability, or in any way upgrade Petitioner to his 100% Service Connected Disability plus a second time that Petitioner received June 26th 2015 plus Veterans Affair has not paid to Petitioner his actual income rate for any of his Service Connected Disability since on or about November 2013, for his current benefits and second 100% service connected disabilities since June 26th 2015 that he suffers from because of his military service to his country from December 1967 to December 1973.

E. All the Veterans Affair Service Connected Disabilities payments plus damages reimbursed estimated actual costs that Petitioner has incurred, in an estimated lump sum payment, for the Petitioner's fifty-six (56) years six hundred seventy-three (673) months through February 2024, that would be fifty-six (56) years in February 2024 or specifically noting six hundred seventy-three (673) months that is determined since February 1968 when Petitioner spent his sixth week of basic training in Ft Ord Hospital, until the actual cost are determined, with all additional costs not paid by Veterans Affair for any medical expenses up until the payment is determined at the judgment of this case, including the hospitals and doctors, plus dental or teeth, eye surgery that Veterans Affair has done nothing for Petitioner, to save Donald Richard Karr Jr., Petitioner's very

expensive dental work that requires implants now, because of failures on the part of Secretaries of Veterans Affairs to apply the correct statutory and regulatory provisions to the correct and relevant facts and correct payment that represents Petitioner is being treated medically to conform to his medical status that his doctors treat him in Coeur d' Alene at Kootenai Health with his actual rating and disability benefits of a 100% Service Connected Disabled Veteran since 1973, and the second time in June 26th 2015, per **Oppenheimer v. Derwinski, 1 Vet. Appl. 370, 371 (1991)** ...back payment including hospital and medical costs including foot and eye surgery needed, which Veterans Affair is in fact the Malpractice from their lack of attention for Petitioner. Petitioner's needs that includes the wrong size shoes twice of an 11 wide shoe in Kerrville Texas (and now 11-1/2 EEE wide) that was incorrectly measured by Mike Olsen, the Podiatry Tech at Dr. Karen Brooks, MD, KMC Podiatry Clinic at this size incorrectly twice, Veterans Affairs Kerrville, Texas and for money taken from Petitioner's social security, plus service connected disability benefits money paid by Petitioner for copay illegally taken from Petitioner's Social Security and Veterans Benefits not approved by Petitioner or owed by Donald Richard Karr Jr., Petitioner.

## F.    FRAUD    &    IDENTITY    THEFT    OF    PETITIONER'S    BENEFITS-IMPERSONATING PETITIONER TO OBTAIN HIS BENEFITS The Respondents, and each of them, for their wrongful acts against the Petitioner in their over fifty (50) years of the RICO Act violations and refusal by the Organized Crime Group(s) within Veterans Affair facilities have continued with their money laundering and identity theft of Petitioner's 100% Service Connected Disability benefits, over fifty years of RICO predicated acts, including TREASON and the 'prejudice of Petitioner who has been in the Veterans Affair 55 year Protected Status, since 2003 as a 100% Service Connected Disabled Veteran', Veterans Affair failing their Ministerial Duty of Care of the Petitioner, as a Vietnam ERA Veteran to the date of filing this Petition. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment in the theft of Petitioner's benefits. Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner. Petitioner relied upon these representations, which caused Petitioner, DONALD RICHARD KARR JR., injury as set forth herein. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents wrongful acts have obtained the 100% Service Connected Disability Benefits of Petitioner, through Petitioner's Computer Profile, that has been Electronically Turned On and Off without an upgrade of Petitioner's benefits, theft of same without

intention of paying Petitioner. All Respondents to be required to account for all gains, profits, and advantages **derived from their multiple acts of racketeering in violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).** **Veterans Affair, the Respondents, and each of them, Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. § § 1961 (5), 1962 (d)** Petitioner now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth herein. Substance prevails over form.

At various times and places partially enumerated in Petitioner's documentary material, all Respondents, and each of them, in their performance of their duties at Veterans Affair, or on behalf of Veterans Affair, did conspire to acquire and maintain an interest in a **RICO Enterprise engaged in a Pattern of Racketeering Activity, in violation of 18 U.S.C. § § 1962 (b) and (d).**

At various times and places partially enumerated in Petitioner's documentary material that Petitioner would provide additional evidence with his amended Petition, all Respondents, and each of them, did conspire to acquire and maintain an interest in a RICO Enterprise engaged in a pattern of Racketeering Activity, in **violation of 18 U.S.C. § § 1961 (4), (5) and (9).**

During the forty (40) calendar years preceding November 4th 2013 A.D., all Respondents, and each of them, have a 'conflict of interest' with all Veterans, and with Petitioner, so that they did cooperate jointly and severally in the commission of two (2) or more of **the predicated acts that are itemized at 18 U.S.C. § 1961 (1)(A) and (B), in violation of 18 U.S.C. § 1962 (d).**

Petitioner further alleges that all Respondents, and each of them, have a conflict of interest with Petitioner and Veterans because they will not give the Veterans their actual disability rating and benefits for treatment of their disabilities that their doctors establish, not the 'false writings and fraudulent findings' of the Veterans Affair uses to deny Veterans benefits. Veterans Affair, Veterans Affair Employees, Veterans Affair Union Employees, the Respondents, and each of them, did commit two (2) or more of the offenses itemized above in a matter which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of **their respective Racketeering Activities, also in violation of 18 U.S.C. § 1962 (d) (Prohibited activities supra).**

Pursuant to **84 Stat. 947, Oct. 15, 1970, the RICO laws** itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in the United States Code however, **Respondent Superior. "Employee" as used in this chapter and Section 1346(b) of this title is to be read as having same general meaning as term servant has in body of law relating to doctrine of respondent superior. U.S. vs. Becker, C.A.9 (Ariz) 1967, 378 F. 2d 319.**

**18 U.S.C. § 1965 Venue and Process (RICO Act)**

**18 U.S.C. § 1961(1)(A) DEFINITION OF RACKETEERING ACTIVITY** (*Includes Extortion*)

**18 U.S.C. § 1961(1)(B) DEFINITION OF RACKETEERING ACTIVITY** (Is any act which is indictable under any of the following provisions of title 18, United States Code:

**18 U.S.C. § 1512 TAMPERING WITH A VICTIM** and Whistle Blower (i.e. harassing the Petitioner herein).

**18 U.S.C. § 1513(e), (f), & (g) RETALIATING AGAINST A VICTIM,** and Whistle Blower (i.e., the Petitioner) (e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both; (f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy; (g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

**18 U.S.C. § 1961(4) DEFINITION OF AN ENTERPRISE** includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;**18 U.S.C. § 1961(5)**

**DEFINITION OF A PATTERN OF RACKETEERING ACTIVITY** requires at least two (2) acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten (10) years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity that is shown herein that Veterans Affair, the Respondents, and each of them, began the **PATTERN OF RACKETEERING ACTIVITY in 1973 that continues to the date of filing this Petition with the Court;**

**18 U.S.C. § 1951(b)(2) INTERFERENCE WITH COMMERCE BY THREATS OR VIOLENCE** (The term —extortion means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.);

**28 U.S.C. § 2201 CREATION OF REMEDY** – (In a case of actual controversy within its jurisdiction, … upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be review able as such.) **28 U.S.C. § 2202 FURTHER RELIEF** – (Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.) IMPUTED NEGLIGENCE, OBSTRUCTING JUSTICE, AND CONSPIRACIES TO OBSTRUCT JUSTICE AS PREDICATE ACTS OF RACKETEERING ACTIVITIES UNDER THE RICO ACT AGAINST ALL RESPONDENTS AIDING AND ABETTING OBSTRUCTION OF JUSTICE: Kathy Malin, Regional Director, as one example with the approval of Robert Wilkie, Veterans Affair Secretary, are charged with imputed negligence for the conspiracies and obstruction of justice failure or refusal to correct the Obstructions of Justice and conspiracies to Obstruct Justice of Veterans Affair for violations of **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider'** First Amendment right to petition the Government for redress of grievances through the Administrative Procedures Act on the premise at Veterans Affair that they cannot act above the law by refusing Veterans Benefits to the Petitioner including his 1973 award for 100% Service-Connected Disability Benefits. **Petitioner:** Donald Rickard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application no. C XXXX6558) **and** his 1973 award of 100% Service Connected

Disability Benefits plus TRICARE Insurance and GI BILL Benefits have not been paid to the Petitioner starting in September 1973 to the filing of this Petition with the Court!

## Nature of Relief Sought

This Petition seeks the Court to issue an order directed to the Respondents, and each of them, and their council to answer Petitioner's Petition and Show Cause why the relief prayed for in this Petition should not be granted to the Petitioner, Donald Richard Karr Jr. VA FILE NO. CXXXX6 558. This Petition for PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 complaining of the Respondents, and each of them, Veterans Affairs and Veterans Affairs Management Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b), 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, the over ffty (50) years six hundred seventy-three (673) months, from February 1968 through February 2024, criminal activities and violations of the RICO Predicated Acts are part of the relevant facts and findings in this Petition with the failure of justice; **therefore, it ought to 52; 2 H. & M. 132; 3 H. & M. 1; 1 S. & R. 473; 5 Binn. 87; 3 Conn. 243; 2 Virg. Cas. 499; 5 Call. 548. Mandamus will not lie where the law has given another specific remedy. 1 Wend. 318; 10 John. 484; 1 Cow. 417; Coleman, 117; 1 Pet. 567; 2 Cowen, 444; 2 McCord, 170; Minor, 46; 2 Leigh, 165; Const. Rep. 165, 175, 703.**

This Petition and Writ was introduced to prevent disorders from a failure of justice; therefore, it ought to be used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 3 **Burr. R. 1267; 1 T. R. 148, 9.; 2 Pick. 414; 4 Pick. 68; 10 Pick. 235, 244; 7 Mass; 340; 3 Binn. 273; 5 Halst. 57; Cooke, 160; 1 Wend. 318; 5 Pet. 190; 1 Caines, R. 511; John. Cas. 181; 12 Wend. 183; 8 Pet. 291; 12 Pet. 524; 2 Penning. 1024; Hardin, 172; 7 Wheat. 534; 5 Watts. 152; 2 H. & M. 132; 3 H. & M. 1; 1 S. & R. 473; 5 Binn. 87; 3 Conn. 243; 2 Virg. Cas. 499; 5 Call. 548. Mandamus will not lie where the law has given another specific remedy. 1 Wend. 318; 10 John. 484; 1 Cow. 417; Coleman, 117; 1 Pet. 567; 2 Cowen, 444; 2 McCord, 170; Minor, 46; 2 Leigh, 165; Const. Rep. 165, 175, 703. This honorable Court on the matters contained in this CERTIORARI WRIT**

'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER' and has original jurisdiction pursuant to the RICO Act remedies at 18 U.S.C. § 1964, and the holdings of the U.S. Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit in Lou vs. Beivberg, 834 F. 2d 730 hn. 4 (9th Cir. 1987) and violations of the RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) by the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands for over fifty (50) years.

The Writ is to be used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 3 Burr. R. 1267; 1 T. R. 148, 9.; 2 Pick. 414; 4 Pick. 68; 10 Pick. 235, 244; 7 Mass; 340; 3 Binn. 273; 5 Halst. 57; Cooke, 160; 1 Wend. 318; 5 Pet. 190; 1 Caines, R. 511; John. Cas. 181; 12 Wend. 183; 8 Pet. 291; 12 Pet. 524; 2 Penning. 1024; Hardin, 172; 7 Wheat. 534; 5 Watts. The circuit courts of the United States may also issue Writs of Mandamus, but their power in this particular, is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. 7 Cranch, R. 504; 8 Wheat. R. 598; 1 Paine's R. 453. Vide, generally, 3 Bl. Com. 110; Com. Dig. h. t; Bac. Ab. h.t.; Vin. Ab. h.t.; Selw. N. P. h.t.; Chit. Pr. h.t.; Serg. Const. Index, h.t.; Ang. on Corp. Index, h.t.; 3 Chit. Bl. Com. 265 n. 7; 1 Kent. Com. 322; Dane's Ab. Index, h.t.; 6 Watts & Serg. 386, 397; Bouv. Inst. Index, h.t.; and the article "Courts of the United States." 28 U.S.C. § 2671 Employee and Respondent Superior.

GROSS NEGLIGENCE EQUATING TO FRAUD, FALSE STATEMENTS, FRAUDULENT DOCUMENTS AND FALSE WRITINGS: Kathy Malin, Regional Director, with the approval of Robert Wilkie, Veterans Affair Secretary are charged with imputed and gross negligence equating to FRAUD, FALSE STATEMENTS, FRAUDULENT DOCUMENTS AND FALSE WRITINGS under 18 U.S.C. 1001 rising to the level of racketeering activities under the RICO Act, 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) when refusing **Petitioner**, Donald Richard Karr Jr.,  Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application

no. C XXXX6558) and 1973 award of Petitioner, DONALD RICHARD KARR JR., 100% Service Connected Disability Benefits from 1973 and the second time in June 26th 2015, that were given to Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106,** who is not a Veteran and did not serve in the military during the Vietnam War, plus Petitioner, Donald Richard Karr, Jr. TRICARE Insurance and GI BILL Benefits not paid to the Petitioner starting in September 1973. The Respondents, and each of them, actions rising to the violations of the **RICO Act RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** that has continued since 1973, over fifty (50) year Veterans Affair RICO Organized Crime Group conspiracy of the Respondents, and each of them. **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application no. C XXXX6558)** and his 1973 award of 100% Service Connected Disability Benefits, plus TRICARE Insurance and GI BILL Benefits not paid to the Petitioner starting in September 1973. now in theVeterans Affair 55 year Protected Status since 2003, STOLEN VETERANS BENEFITS, A DUTY OF GOOD FAITH AND FAIR DEALING AS A STRICTLY MINISTERIAL DUTY OF CARE UNDER TORT LIABILITY IS RESPECTABLY PRESENTED TO THIS COURT AS VETERANS AFFAIR FAILURE TO MEET THE STANDARDS TO THEIR PROTECTION BY THE WESTFALL ACT FOR THEIR CIVIL AND CRIMINAL RICO PREDICATED ACTS AGAINST THE PETITIONER through CONSPIRACIES and OBSTRUCTIONS OF JUSTICE against the **Petitioner,** Donald Richard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application no. C XXXX6558) and 1973 award of his 100% Service Connected Disability Benefits, TRICARE Insurance and GI BILL EDUCATION Benefits and Chapter 34 Education Benefits not paid to the Petitioner starting in September 1973. The common law right of Petitioner, Donald Riichard Karr, Jr. as Veteran to obtain his 100% Service Connected Disability benefits stolen from him by Veterans Affair Employees that began in 1973!

**RACKETEERING ACTIVITIES AGAINST VETERANS RIGHTS**: Marie L. Weldon and Kathy Malin, who were both Regional Directors, with the approval of Robert Wilkie, Veterans Affair Secretary are charged with **RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C. § 3), WITH FELONY (18 U.S.C. § 4) of EXTORTION (18 U.S.C. § 1964(1)(A)** where extortion is a predicate act of the Respondents, and each of them, Petitioner's benefits **now in the Protected Status since 2003 pursuant to Veterans Affair 55 year Rule. Veterans Affair and Organized Crime Group(s) are the U.S. Attorney General for a criminal investigation and violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy**

**Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights,** Racketeering Activities under the RICO Act by failing or refusing to notify the U.S. Attorney General for a criminal investigation and prosecution for **FELONY EXTORTION under 18 U.S.C. § 1964(1)(A) or even a CIVIL INVESTIGATIVE DEMAND (18 U.S.C. § 1968) constitutes not only Obstructions of Justice under the RICO Act but also Wire Fraud under 18 U.S.C. § 1341 FRAUDS AND SWINDLES and 18 U.S.C. § 1343 FRAUD BY WIRE, RADIO** through a scheme or artifice to defraud the Petitioner of his 1973 and June 26th 2015 awards of Petitioner's 100% Service-Connected Disability Benefits preventing the Petitioner, from exercising his common law rights, statutory rights, and constitutional rights from the very act of selecting Veterans Affair with the condescending nature on tone of the ridicule, embarrass, harass, and intimidate for over fifty (50) years so the Petitioner is prevented from exercising his rights at Veterans Affair o obtain his 100% Service Connected Disability.

The Supreme Court set forth some guidelines on Writs of Mandamus in **Kerr v. United States District Court, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976),** (man-dame-us) n. Latin for "we order," a writ (more modernly called a "writ of mandate") which orders a public agency or governmental body to perform an act required by law when it has neglected or refused to do so.

Petitioner is unable to obtain his original 1973 award of his 100% Service Connected Disability that was stolen on or about September 1973 and the second award of 100% Service Connected Disability in June 26th 2015 of Petitioner, Donald Richard Karr, Jr. with awards of his 100% Service Connected Disability ratings and awards in the Protected Status since 2003, positioned so that Donald Lee Karr criminal conspiracy at Veterans Affair can impersonate Petitioner in the Veterans Affair Computer, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106.**

Veterans Affair will not rate Petitioner more than the TOKEN 30% (non) service connected disabled status. There are two (2) sides to Petitioner's Computer Profile which Donald Lee Karr, a coward, who has never earned the Petitioner's 100% Service Connected Disability ratings or his benefits, that have been positioned by Veterans Affair for Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106,** in the Veterans Affair Computer Profile. Donald Richard Karr, Jr., Vietnam Veteran, Petitioner, as an undisputed fact, that were Petitioner's benefits which were assigned on or about September 1973 to Donald Lee Karr, **impersonating**

**Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** that has been positioned by Veterans Affair so Donald Lee Karr can impersonate Petitioner to the date of filing of this Petition. Veterans Affair still shows the Petitioner, Donald Richard Karr, Jr., in the Veterans Affair Computer as Donald R. Karr, Jr. Petitioner does not receive his 100% Service Connected Disability benefits and has never received his 100% Service Connected Disability to the filing date of this Petition. The 100% Service Connected Disabled side of the Veterans Affair Computer is given to Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106 for 673 months from February 1968 through February 2024, that is 673 felonies pursuant to 10 U.S.C. § 906 Art 106 and Donald Lee Karr has committed TREASON, in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and Donald Lee Karr, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison,  Guantanamo, Cuba (GITMO) while he is held and prosecuted for his crimes against Petitioner.**

Petitioner is entitled to an Immediate Motion for Sanctions, for the Sanction payment to the Petitioner of $10,000,000 including no payment of medical or medication for over three (3) years as veteran from Spokane Veterans Affair with no payment for eye surgery. The Sanctions Damages payment from Veterans Affair for their over fifty (50) years of delaying their payments of Petitioner, DONALD RICHARD KARR JR., 100% Service Connected Disability benefits, Sanctions Damages payment that will be utilized to also compensate Petitioner's mother for Petitioner's father 'next of kin benefits' who died July 29th 1985 from Cancer. Petitioner's father Donald Richard Karr, Sr. was in Patton's Army in World War II, Petitioner's mother was only given $250 to bury Petitioner's father Donald Richard Karr, Sr. but 'no next of kin benefits' (which it seems that Donald R. Karr Veterans Affair Employee took in 1985) from the Veterans Affair Computer Profile of Petitioner's father Donald Richard Karr, Sr. in 1985; regardless of any and all of Petitioner's damages and back payments owed to the Petitioner.

When Petitioner Donald Richard Karr, Jr. makes any and all applications for benefits to Veterans Affair for any increase in benefits from 30% Service Connected Disabled since 1973, Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, is refused any upgrade to 100% Service Connected Disability status all applications, always denied any upgrade of Petitioner's benefits or any change of his 30% Service Connected Disability benefits award in November 2013, because of the second person who is Donald Lee Karr

in Petitioner's Veterans Affair Computer profile in the Veterans Affair Computer who is currently receiving Petitioner's 100% Service Connected Disability Benefits, because Donald Lee Karr is **Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony. Donald Lee Karr has committed TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and Prison,  Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.**

When Petitioner made application in September 2016, within the Federal Court jurisdiction of the 9th Circuit Court, for his 100% Service Connected Disability award that was given to Petitioner by Katrina Hipp, a rating person, at VARO Veterans Affair in Houston, Texas that Petitioner received in May 2016 that was as an undisputed fact Petitioner's second 100% Service Connected Disability Benefits award of June 26th 2015 and the award received in 1973 were part of said upgrades Veterans Affair refused to give Petitioner. Katrina Hipp, stated that Petitioner was in fact 100% Service Connected Disabled, because she could see Petitioner had been 100% Service Connected Disabled since on or about September 1973, plus a second a second time June 26th 2015 in the Veterans Affair Computer Profile of the Petitioner. Notice is now given that Petitioner requests for a 'forensic audit' of Petitioner, Donald Richard Karr Jr.,  Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, Veterans Affair Computer Profile.

Veterans Affair, the Respondents, and each of them, have refused to give Petitioner his 100% Service Connected Disabled award that Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,  received in 1973. Since 1973 Petitioner's 100% Service Connected Disabled award, that is now over fifty (50) years, that Veterans Affair, the Respondents, and each of them, have refused each application that have been made for Petitioner's for his 100% Service Connected Disabled award since 1973 and the second time 100% Service Connected Disabled in June 26th 2015 now in the Protected Status since 2003.  Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 Veterans Affair Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, benefits, that are an undisputed fact stolen through Veterans Affair, the Respondents, and each of them, that Veterans Affair continues refusing Petitioner's benefits because of Veterans Affair, the Respondents, and each of them, Money

Laundering and Identity Theft of Petitioner's 100% Service Connected Disability Benefits that includes **violating the HOBBS Act 18 USC § 1951 Robbery and Extortion, Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights, RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 1028(A) Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of particular felony violation) and 1029 Identity Theft (access device fraud by the government),** rising to the level of **Racketeering Activities under the RICO Act with Racketeering Activities as a Principal (18 U.S.C. § 2) and as an Accessory After The Fact (18 U.S.C. § 3)** has been during an over fifty (50) year Veterans Affair RICO Organized Crime Group existence, weaponizes their Organized Crime Group through Union Organizers, to victimize the Veterans and their care, at Veterans Affair, killing veterans to obtain their Veterans benefits upon the Veterans death, instead of payment to the Veterans families, by obtaining 'any next of kin veterans benefits' because these benefits are stolen by the Veteran Affair Union AFGE (AFOL-CIO) membership. that have stolen Petitioner's 100% Service Connected Disability benefits through their Money Laundering and Identity Theft, since on or about September 1973.

Petitioner's Veterans Benefits are taken through Money Laundering and Identity Theft of the Respondents, Veteran Affair Union AFGE (AFOL-CIO) membership who started the Money Laundering and Identity Theft of Petitioner, Donald Richard Karr, Jr. benefits that are assigned to Veterans Affair Employee's son Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** who has never been in the Military, that were stolen starting over fifty (50) years ago at Veterans Affair. Veterans Affair, the Respondents, theft of Petitioner's benefits is an undisputed fact, tax evasion because Petitioner's benefits are not taxed as a Veteran, and TRICARE Insurance fraud with insurance fraud taking a Veterans Benefits.

The Respondents, and each of them are not giving Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, his benefits is in fact **TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.** TREASON, because Veterans Benefits can not be given to **Donald Lee Karr**

Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony, who did not serve in the Military, when as an undisputed fact the Petitioner was in the military at the time his benefits were awarded to Donald Lee Karr in 1973, violating **1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, in this matter may be heard by the Court, this case can proceed as a Complex Litigation Complaint, Federal Rules 4, 9, 16 and 38 [Right to a Jury; Demand (a) The right of trial by jury as decided by the Seventh Amendment to the Constitution or as provided by a federal statue is preserved to the parties, (b) Demand on any issue trial able of right by a jury, a party may demand a jury trial, with Plaintiff's request for a Jury Trial 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'], Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner [1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, US Army 575th Ordinance and also as an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company], Petitioner alleges** that he has had his 1973 award of his 100% Service Connected Disability Benefits, and his second award of 100% Service Connected Disability stolen in June 26th 2015, now in the Veterans Affair 55 year Protected Status since 2003 stolen from Petitioner. Petitioner's GI BILL Educational and Title 34 Education Benefits stolen from Petitioner. Petitioner's requests including his University Education for Civil Engineering and Construction Engineering, plus Law School were denied by Veterans Affair because of the **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony. Donald Lee Karr's** Continuing Criminal Enterprise (CCE), the Veterans Affair Organized Crime Group, that Operates and Manages Veterans Affair. Over Fifty (50) years the Veterans Affair and its Union and Organized Crime Group(s) have used Petitioner's Social Security Number, have stolen Petitioner's TRICARE Insurance and Medicaid Insurance, stolen from Petitioner by Veterans Affair and Veterans Affair Management, its Union and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, who lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765, and his son Donald Lee Karr, **Impersonating Petitioner as Solider violating 10 U.S.C. § 906 Art 106, had Petitioner's benefits assigned in the Veterans Affair Computer Profile assigned to his**

son **Donald Lee Karr in their Continuing Criminal Enterprise (CCE).** TRICARE Insurance billings dated January 30th 2023 and August 25th 2023 showing the Sponsor as Donald R. Karr Jr the Petitioner and his social security number plus the letter sent to TRICARE Insurance Mary Stilen dated February 15th 2023. Petitioners' Tricare Insurance benefits refused by Michelle Frederick and Mary Stilen so that Petitioner's 100% Service Connected Disability Benefits, are given to **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** who is not a Veteran and his family, has made it impossible for Petitioner to obtain his TRICARE Insurance and Medicaid Insurance, without Petitioner being able to use his Medicaid or acknowledge to Petitioner what the number of this insurance that the State of Idaho refuses to give to Petitioner.

The Veterans Affair organized crime conspiracy since on or about September 1973, where Petitioner's 100% Service Connected Disability Benefits were stolen by **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** and his father Veterans Affair Employee, does not end with bringing Petitioner current on all damages owed to Petitioner. This is also an over fifty (50) year RICO and Racketeering Activity within Veterans Affair, involving millions of Veterans that are victims of this Money Laundering and Identity Theft and this RICO Act criminal enterprise matter, **has committed TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.**

After the Petitioner's filing for benefits in Reno, Nevada Veterans Affair, Petitioner's second filing for his benefits that Petitioner made application while Petitioner was obtaining his medical benefits in Reno, Nevada Veterans Affair in 2004-2005. Petitioner, Donald Richard Karr Jr. made his application again in 2016 with Ft. Harrison, Montana Veterans Affair in September 2016, after he made application for benefits when he moved from Kerrville, Texas in September 2016 and nothing has been done to upgrade Petitioner with his second time he is 100% Service Connected Disabled since June 26th 2015 when Amber Anderson, CPSS Peer Support Specialist Healthcare for Homeless Veterans, 705 W. 2nd Avenue, Spokane, Washington 99201 intentionally filed ut the

wrong form denying Petitioner's upgrade to 100% Service Connected Disabled in March 2018.

Veterans Affair, the Respondents, their employees and agents, for their own unjust enrichment have embezzled the 1973 award and the June 26th 2015 awards of Petitioner's 100% Service-Connected Disability Benefits, his GI Bill Education Benefits and TRICARE Insurance, through money laundering and identity theft, at Veterans Affair for over fifty-six (56) years six hundred seventy-three (673) months through February 2024. The Respondents, and each of them, have stolen over fifty-six (56) years from February 1968 of Petitioner's 100% Service Connected Disability benefits through February 2024; fifty-six (56) years six hundred seventy-three (673) months through February 2024.

**DEMAND FOR IMMEDIATE SERVICE TO BE PERFORMED BY U.S. MARSHALS SERVICE FOR DUE CAUSE OF OBSTRUCTION OF JUSTICE** THE PETITIONER IS A VETERAN UNDER RULE 4(c)(2) FOR THE PURPOSE OF LITIGATION DELIVERY TO THE U.S. MARSHALS SERVICE OF THE ORIGINAL COMPLAINT AFTER NOTICE OF MY COMPLAINT! EVIDENCE OF DELIBERATE INDIFFERENCE TO MY RIGHTS TO PROCEDURAL & SUBSTANTIVE DUE PROCESS AND OBSTRUCTION OF JUSTICE AS A PREDICATE ACT OF RACKETEERING ACTIVITY UNDER THE RICO ACT.

<br>

## V.

## PETITIONER'S DAMAGES INCLUDING IDENTITY THEFT

## OF PETITIONER'S BENEFITS SINCE 1973

Veterans Affair Management and their Employees, the Respondents, and each of them, Wrongful Acts against Petitioner, began in 1973 and Donald Lee Karr continued Donald R. Karr, Veterans Affair Employee in 1973 his son, Donald Lee Karr, **Impersonating Petitioner as Solider violating 10 U.S.C. § 906 Art 106, had Petitioner's benefits assigned in the Veterans Affair Computer Profile assigned to his son Donald Lee Karr in their Continuing Criminal Enterprise (CCE) to the date of**

this Petition filed with the Court, including but are not limited to, over fifty (50) years of refusal of Petitioner's 100% Service Connected Disability Benefits with the Respondents, and each of them, stopping any attempt by Petitioner to be given his 1973 award of his 100% Service Connected Disability. The Petitioner's 100% Service Connected Disability Benefits for five (5) decades at Veterans Affair have been set up so that Union Members of the Veterans Affair Union could continue to allow a former Union Employee Donald R. Karr's Over Fifty (50) years the Veterans Affair and its Union and Organized Crime Group(s) have used Petitioner's Social Security Number, and have stolen Petitioner's TRICARE Insurance and Medicaid Insurance, stolen from Petitioner by Veterans Affair and Veterans Affair Management, its Union and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, who lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765, and his son Donald Lee Karr, at Veterans Affair, his son Donald Lee Karr and his grandson Donald Ray Karr continue to embezzle Petitioner's 100% Service Connected Disability Benefits, committing tax evasion and insurance fraud taking Petitioner's benefits. Veterans Affair and its Employees redirecting Petitioner's benefits, without Petitioner's knowledge of same since 1973 now after the death of Veterans Affair Employee Donald Ray Karr, also known as Donald R. Karr in December 8th 2014 the Veterans Affair Computer Profile set up **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony.** with the status as a 100% Service Connected Disabled Veteran when it is an undisputed fact in these are the Organized Crimes at Veterans Affair. Veterans Affair and its employees the Respondents, and each of them, continue to willfully and knowingly make and use false writings and documents, knowing the documents contain are in fact 'materially false, fictitious and fraudulent information' in the 'false writings and statements' about Petitioner's 1973 100% Service Connected Disability award, for Petitioner's 100% service-connected disability award and benefits. Veterans Affair refusal to award Petitioner's his 100% Service Connected Disability Award, when it is an undisputed fact that **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony** was never in the military.

The Veterans Affair Money Laundering and Identity Theft of Petitioner's 100% Service Connected Disability benefits, include damage for the Fraud, and Slander of Petitioner's Personal Credit, Defamation of Petitioner's Civil Rights, Defamation of Petitioner's Veterans Rights, Defamation of Petitioner's Character, Veterans Affair, that the

Respondents, and each of them, failure to provide Petitioner any of his medical benefits and medications, Loss Of Income [without his Veterans Chapter 34 Educational Benefits] to retake the General Engineering (A) and General Building (B) Contractors License and preparation exam to take the Bar since 2012 to become a Licensed Attorney to Practice Law. Petitioner's Loss Of Income and Profits because of Veterans Affair refusal to allow Petitioner to return to work in his Profession, with refusal of his educational benefits that he has never received from Veterans Affair, with refusal by Veterans Affair of payment of his actual and specific disabilities since 1973. The undisputed fact a continuous refusal by Veterans Affair, the Respondents, and each of them, to not treat Petitioner with dignity of a 100% service connected disabled veteran since 1973.

Petitioner has been treated with 'Prejudice at Veterans Affair, because the Respondents, and each of them, have given Petitioner's benefits to Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106**, a felony, who has never served in the Military and does not have any military or veterans benefits that he has legally earned as a Veteran'.

**Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** should recover 'all of his damages shown in this Petition' because of the failure on the part of Secretary Veterans Affairs, Denis Mc Donogh and President Joseph R. Biden to apply the correct statutory and regulatory provisions to the correct and relevant facts and correct payment per **Oppenheimer v. Derwinski, 1 Vet. Appl. 370, 371 (1991) in all Veterans Affair facilities:**

The **Petitioner, Donald Richard Karr Jr. has been blocked since on or about September 1973 from obtaining** his 100% Service Connected Disability benefits from Petitioner's 1973 award and Petitioner second award of his 100% Service Connected Disability award and qualification in June 26th 2015, a second time as 100% Service Connected Disability. Veterans Affairs Application no. C XXXX6558 and Petitioner's 1973 award of his award of his 100% Service Connected Disability Benefits, including Petitioner's GI BILL Education and subsequent Chapter 34 Educational Benefits and Petitioner's TRICARE Insurance stolen from Petitioner by Veterans Affair, and its staff, the Respondents, and each of them, on or about September 1973 when Petitioner returned his first two (2) GI BILL checks to the Los Angeles area Veterans Affair where Donald R. Karr, the Veterans Affair Employee Donald Ray Karr, also known as Donald R. Karr

worked in 1973. **Petitioner, Donald Richard Karr** Jr. received his first service connected award for 30% Service Connected Disability Benefits for Asthma/Bronchial (that is two ratings, that in fact total 90% Service Connected Disabilities Benefits, a 'false writing by the Respondents and Veterans Affair') from Veterans Affairs in November 2013, approximately $7,000 payment to Petitioner when it is undisputed fact that Petitioner's benefits are 100% Service Connected Disabled in Protected Status with the 55 year Rule since 2003 in San Antonio, Texas Veterans Affair. Petitioner has never been given any ratings or awards of his 30% Service Connected Disability benefits prior to November 2013. **Petitioner, Donald Richard Karr Jr. 100% Service Connected Disability Benefits** date back to when Petitioner was in Basic Training in February 1968 when Petitioner was sleeping in old World War II Cedar Wooden Barracks, causing Petitioner, the exacerbated disease conditions that were Petitioner's Primary condition of Chronic Bronchitis #6600 that is 60% Service Connected Disability and Petitioner's Secondary condition of Asthma #6602 that is 30% Service Connected Disability, with Petitioner's allergies of mold and cedar, making the total for Petitioner's Veterans benefits of 100% Service Connected Disability in 1973 for **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558)**. Veterans Affair has been down grading Petitioner since 1973 ignoring the rules of Veterans Affair allowing this because of **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** ignoring the Protected Staus of Petitioner and the 55 year Rule since 2003.

Petitioner has Primary condition of Chronic Bronchitis #6600 that is 60% Service Connected Disability, due to small and large bronchial tubes, a long history of being allergic to mold and cedar and that of course triggers the Petitioner's Secondary condition of Asthma #6602 that is 30% Service Connected Disability, sending Petitioner to the hospital fighting for his life because of Petitioner's small airway disease which has progressed currently to COPD #6604 stage II for which Petitioner uses Anoro Ellipta that is only use with patients with COPD.

Petitioner Donald R. Karr, Jr's benefits in **the Protected Status pursuant to Veterans Affair 55 year Rule since 2003,** violating Petitioner's Civil Rights 18 U.S.C. § 241 **Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 when he** was not upgraded in June 26th 2015 to 60% Service Connected Disability and upgraded an additional 50% service connected disability on or about October 2014

because of the issuance of the CPAC Machine after the Sleep Apnea test completed by W. John Ryan MD Board Certified Internal Medicine doctor in Boerne, Texas which upgraded Petition a second time to 100% Service Connected Disabled.

The Department of Veterans Affairs Employees, the Respondents, and each of them, in their Wrongful Acts including the Respondents conspiracies in their over fifty (50) years of **violating Petitioner's Civil Rights Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law, RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** in Veterans Affair Employee's conspiracy within Veterans Affair, through identity theft of Petitioner's 100% Service Connected Disability Benefits for currently over fifty (50) years six hundred seventy-three (673) months, through February 2024 from February 1968, which is approximately twenty-six (26) times that Petitioner has been denied his benefits within said over fifty (50) years, or commencing on or about September 1973 that no benefits were upgraded for Petitioner for his actual disabilities of a 100% Service Connected Disability Veteran now in the 55 year Rule at Veterans Affair in Protected Status since 2003.

Veteran Affair employee, Donald R. Karr (not related to Donald Richard Karr Jr. Vietnam Veteran, the Petitioner) gave his son Donald Lee Karr that is **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106, a felony.** The Petitioner's first Two (2) GI BILL checks returned to Veterans Affair in Los Angeles where Donald R. Karr worked in 1973 which began using Petitioner's social security number! Donald R. Karr Veteran Affair employee altered the Veterans Affair Computer Profile to have TWO (2) SIDES with his son Donald Lee Karr, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** obtaining Petitioner's 100% Service Connected Disability Benefits, his GI Bill Benefits from 1973-1976 to go to UCLA Law School, including giving his grand son (shown falsely to set up the second side of Petitioner's Profile with the 100% Service Connected Disability Benefits that Donald Ray Karr Veterans Affair Employee Grand Son who was born September 1985 in the Veterans Affair Computer) to obtain Petitioner's 100% Service Connected Disability benefits to go

to UCLA for a degree in Accounting. Petitioner's TRICARE Insurance so that he was able to get all the GI BILL and Educational Benefits of Petitioner Donald Richard Karr, Jr.!

**Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, US Army 575th Ordinance** and was an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company did not start school until 1974 and had to take student loans to go to school because Veterans Affair gave Petitioner 'no Education Benefits at all', nothing to Petitioner in 1973 and no benefits what so ever until 2004 and 2005 in RENO, Nevada Veterans Affair when Petitioner had emergency surgery for his porcelain gallbladder.

Petitioner received his first 30% Service Connected Disability payments starting in November 2013, when as an undisputed fact Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas at Veterans Affair, utilized drug overdose of medications in Dr. Arturo R. Llanos MD Gold Team attempt to Murder Petitioner, so that Union Members of the Veterans Affair Union could continue to allow a former Union Employee at Veterans Affair with a Diamond Bar, California address shown in Petitioner's Veterans Affair Profile as 22042 Robin Oaks Terrace, Diamond Bar, California 91765, shown in "Exhibit V" herein that is attached hereto and incorporated herein by this reference, so that his son Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** and his grandson Donald Ray Karr to continue to embezzle Petitioner's 100% Service Connected Disability Benefits, committing tax evasion and insurance fraud taking Petitioner's benefits for over fifty (50) years of use of Petitioner's 100% Service Connected Disability Benefits, that the filing of this Petition with the Court is to correct the Veterans Affair Computer Profile to give Petitioner his correct 1973 and June 26th 2015 awards of Petitioner's 100% Service Connected Disability, military disability benefits, stolen by Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106,** the Respondents, and each of them, that would delete the false Computer Profile paid to **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** that Respondents, and each of them, have stolen from the Petitioner since 1973, Donald Lee Karr **has committed TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and**

Prison, Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.

The Petitioner's daughter was born in September 1974, Veterans Affair told her there were no benefits for her to obtain for school in Petitioner Profile. The undisputed fact was Petitioner's 100% Service Connected Disability Benefits and Education Benefits were stolen by Donald Ray Karr also known as Donald R. Karr's and his son Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** and his grandson Donald Ray Karr. **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** US Army 575th Ordinance and **served as** an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company until December 1973. Petitioner did not start school until 1974 ay Cal Poly Pomona, California.

Petitioner's 100% Service Connected Disability benefits have systematically been stolen by **Donald Lee Karr Impersonating Petitioner in his money laundering and identity theft violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** who still receives Petitioner's 100% Service Connected Disability benefits today from Veterans Affair, **has committed TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.**

Petitioner, Donald Richard Karr, Jr. benefits award from the time Petitioner, his wife and his child depended on the 100% Service Connected Disability Compensation Benefits for his school are government paid benefits to Petitioner, only the Petitioner, as a 100% Service Connected Benefits, but said benefits were given to Donald R. Karr, Veterans Affair Employee in 1973 his son Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** who is not a Veteran, that were actually awarded to Petitioner, without payment paid to Petitioner in 1973, but instead paid to **Veterans Affair Employee, since 1973 for Donald Ray Karr also known as Donald R. Karr and his son and his grandson, and their families, that Veterans Affairs, the Respondents, and each of them, have illegally drawn payments that are not taxed by the Government, committing tax evasion and insurance fraud at Veterans Affair for over fifty (50) years by the conspiracy of the Respondents and each of them. Donald Lee**

Karr and his son Donald Ray Karr have committed TREASON; in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes and should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while he is held and prosecuted for crimes against Petitioner.

The Respondents, their employees and agents, for their own unjust enrichment have embezzlement the 1973 Petitioner's award of his 100% Service-Connected Disability Benefits, his GI Bill Education Benefits and TRICARE Insurance, through 'money laundering and identity theft', for over fifty (50) years six hundred seventy-three (673) months, through February 2024, the Respondents, and each of them, have stolen over fifty-six (56) years of Petitioner's benefits through February 2024.

Petitioner's 1973 award of his 100% Service-Connected Disability Benefits, his GI Bill Education and Chapter 34 Education Benefits and TRICARE Insurance benefits, were stolen from Petitioner, assigned and assumed by Veterans Affair employee's son Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106**, who has become Petitioner, Donald Richard Karr Jr. (that Veterans Affair shows as Donald R. Karr, Jr. on Petitioner's 100% Service Connected Disabled side of his Profile, Petitioner's Veterans Affair ID and on Petitioner's TRICARE Insurance), Vietnam Veteran, at the Veterans Affair, and in the Veterans Affair Computer since on or about September 1973. Veterans Affair employee, who worked at Veterans Affair, obtained a fake ID from Veterans Affair on or about September 1973. Donald R. Karr, Veterans Affair Employee in 1973 worked at Veterans Affair, gave his son Donald Lee Karr a Fake Veterans Affair ID produced at Veterans Affair with Petitioner, Donald Richard Karr Jr. information and his son's Picture.

The fact that Petitioner was a US Army Solider in the US Army 575th Ordinance and was an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company waiting to start school in 1974 when Petitioner, Donald Richard Karr Jr. was impersonated by Donald Lee Karr **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** who was not a member of the Military, who had no military benefits as a civilian are Wrongful Acts including their conspiracy in their over fifty (50) years of **violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights, 18 U.S.C. § 242 Deprive Under Color of Law and 28 U.S.C. § 1983 violation of Petitioner's Civil Rights plus violations of 10 U.S.C. § 906 Art 106**

Impersonating Petitioner as a Solider, a felony, RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) in said conspiracy with the Respondents, and each of them, at Veterans Affair, through the identity theft of Petitioner, Donald Richard Karr Jr. 100% Service Connected Disability Benefits since 1973.

At various times and places partially enumerated in Petitioner's documentary material, all Respondents did conspire to **acquire and maintain an interest in a RICO Enterprise engaged in a pattern of Racketeering Activity, in violation of 18 U.S.C. § § 1962 (b) and (d).**

At various times and places partially enumerated in Petitioner, Donald Richard Karr Jr. documentary material, all Respondents did conspire to **acquire and maintain an interest in a RICO Enterprise engaged in a pattern of Racketeering Activity, in violation of 18 U.S.C. § § 1961 (4), (5) and (9).**

During the forty (40) calendar years preceding November 4th 2013 A.D., all Respondents did cooperate jointly and severally in the commission of two (2) or more of the predicated acts that are itemized at **18 U.S.C. § 1961 (1)(A) and (B), in violation of 18 U.S.C. § 1962 (d).**

Petitioner further alleges that all Respondents did commit two (2) or more of the offenses itemized above in a matter which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective Racketeering Activities, also in violation of **18 U.S.C. § 1962 (d) (Prohibited activities supra).**

**Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** actual 1973 award of Petitioner's 100% Service Connected Disability Compensation Benefits were accessed by Veterans Affair Employees Donald Ray Karr also known as Donald R. Karr using Donald R. Karr, Jr. social security number changing the Veterans Affair Computer

Profile assigning Petitioner's 100% Service Connected Disability Benefits, GI BILL Educational Benefits and Chapter 34 Educational Benefits and Petitioner, Donald Richard Karr Jr. TRICARE Insurance stolen from Petitioner by Veterans Affair and its staff, the Respondents, and each of them, on or about September 1973, when Petitioner, Donald Richard Karr Jr. returned his first two (2) GI BILL checks to the Los Angeles area Veterans Affair where the Veterans Affair Employee Donald Ray Karr also known as Donald R. Karr worked. Veterans Affair changed Petitioner, Donald Richard Karr Jr. Veterans Affair Computer profile so that it allowed his son with Donald Lee Karr in his **violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** to assume the benefits of Petitioner, Donald Richard Karr Jr. that in the Computer at Veterans Affair Petitioner, Donald Richard Karr Jr. was impersonated by Donald Lee Karr, **impersonating Petitioner, as a solider, a violation 10 U.S.C. § 906 Art 106** not a member of the Military, who had no military benefits as a civilian. The Respondents, and each of them, Wrongful Acts including their conspiracy, Donald Lee Karr **violations of 10 U.S.C. § 906 Art 106 Impersonating Petitioner as a Solider, a felony,** became the second person in Petitioner's Computer Profile on the 100% Service Connected Disability Side of Petioner's Computer Profile.

This began the over fifty (50) year Organized Crime Group that are all part of **Veterans Affairs Management Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b)] since 1973** through GROSS NEGLIGENCE EQUATING TO FRAUD; with imputed and gross negligence equating to FRAUD AND FALSE STATEMENTS **under 18 U.S.C. § 1001,** violations of the RICO Actions were as an undisputed fact, violations of the RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) by the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands for over fifty (50) years. **rising to the level of Racketeering Activities under the RICO Act; with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2)** of Veterans Affairs Management Acquisition and Maintenance of an Interest in and Control of an RICO Enterprise Engaged in a Pattern of Racketeering Activity in their RICO ACT Violations of Racketeering Activities including an illegal identity theft scam to cheat Petitioner of his 100% service connected disability benefits dating back 1973.

## ARTICLE VI.

## PETITIONER'S RESERVATION OF RIGHT TO AMEND THIS PETITION

As allowed by this Court and other related rules, PETITIONER asserts and reserves his legal right to amend and/or supplement the allegations and other contents of this petition to conform with any additional evidence or information and/or to respond to any or all of the pleadings of Respondents and/or any other party or parties in the above numbered and styled civil action. I, DONALD RICHARD KARR JR, certify the contents of this petition under Penalty of perjury that it is true to my knowledge, except as to that stated upon information and belief.

## ARTICLE VII

## PRAYER

FOR THESE REASONS, PETITIONER prays that all Respondents, and each of them herein shown as part of this action, be cited to appear and answer herein and that Petitioner have and recover judgment against Respondents, Veterans Affairs Employees and each of them, for their wrongful acts to be acted upon by Petitioner. Petitioner relied upon these representations, which caused his injury as set forth herein. Veterans Affairs Employees, the Respondents, and each of them, wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and the Respondents wrongful acts have obtained the 100% Service-Connected Disability Benefits of Petitioner paid through accessing Petitioner's Profile that was Electronically Turned On and then Off without an upgrade of Petitioner's benefits, theft of same without intention of paying Petitioner any of his benefits for the following:

1. Actual damages of incorrect payments of 100% Service Connected Disability Benefits stolen since 1973 and 100% Service Connected Disability benefits since June 26th 2015 since February 1968 through February 2024, including but not limited, to the stolen 100% service connected veterans benefits, in 1973 and a second time in June 26th 2015 described above, jointly and severally, in a fair and reasonable total amount in the jurisdictional limits of this court or, alternatively, as allowed by law;

2. Exemplary and punitive damages that Petitioner will Amend this Petition details of same and from each of the respondents in fair and reasonable amounts pursuant to the jurisdictional limits of this court, or, alternatively, as allowed by law;

Petitioner now re-alleges, each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form and Petitioner seeks damages for:

3. Attorney fees and legal costs including Petitioner's work as litigation paralegal, jointly and severally, in a fair and reasonable amount in excess of the minimum jurisdictional limits of this court, or, alternatively, as allowed by law;

4. Pre-judgment interest and post-judgment interest as allowed by law;

5. Costs of court; and

6. All other relief, in law and in equity, which Petitioner may be justly entitled and that Petitioner have and recover judgment.

Respectfully submitted,

DONALD RICHARD KARR JR, the Petitioner *Filed In Pro Per*

U. S. ARMY VIETNAM ERA VETERAN RAXXXX7616, (1973 VA FILE NO. CXX XX6 558), EXECUTED ON THIS 31ˢᵗ day of May 2023

State of Idaho        )

                                ) S.S.

County of Kootenai   )

On this 31ˢᵗ day of May, in the year of 2024, before me personally appeared

DONALD R. KARR JR, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed same.

Signature of Notary Public

My Commission Expires: 02/07/2025

Reside in: Kootenai County

SANLY POI
Notary Public - State of Idaho
Commission Number 20190240
My Commission Expires Feb 7, 2025

Petitioner, DONALD RICHARD KARR JR., Statement of Facts

Statement of Undisputed Facts with Points and Authorities

karrjrdonaldr1967vietnamvet@gmail.com

Donald R. Karr Jr., Vietnam ERA VETERAN -Veterans Affair Whistle Blower

DONALD RICHARD KARR JR, the Petitioner's Statement of Undisputed Facts with Points and Authorities in Disagreement of all the Fraudulent Veterans Affair Disability Award Ratings to Petitioner for over fifty (50) years six hundred seventy-three (673) months since February 1968 based upon February 2024! The Veterans Affair Disability Award Ratings that have been awarded by Veterans Affair but not given to Petitioner since his original 1973 Application! Petitioner has never been upgraded since his original Application in 1973 and specifically to his 1973 actual 100% Service-Connected disabled classification and benefits that were not given to Petitioner in 1973!

Petitioner's 1973 stolen 100% Service-Connected disabled classification and benefits by Veterans Affair and DONALD R. KARR, Veterans Affairs Employee, Navy Veteran instead of Veterans Affair paying the Petitioner or giving Petitioner his 100% Service-Connected disabled classification and benefits have been stolen by Veterans Affair and DONALD R. KARR, Veterans Affairs Employee, Navy Veteran instead! Petitioner benefits instead were converted by Veterans Affair and DONALD R. KARR, Veterans Affairs Employee, Navy Veteran instead so that Petitioner's benefits now consist of the actual current 1973 Token 30% Nonservice-Connected disabled veteran classification and no education benefits, including Petitioner's original 1973 GI BILL Benefits and 100% Service-Connected disabled classification and benefits that were not given to Petitioner!

The theft of Petitioner's 100% Service-Connected Disabled Veterans benefits that were again stolen in November 2011 at San Antonio Veterans Affairs, that were originally awarded to Petitioner in California in 1973, and again in Reno Veterans Affair in 2005 when Petitioner had Gallbladder Surgery in Reno, Nevada Veterans Affair!

Petitioner has been given no increase in his benefits since November 2011 when his 100% Service-Connected disabled classification and benefits were not given to Petitioner! Petitioner's Doctors have since 1973 have established his 100% Service-Connected disabled classification and benefits that have not been given to Petitioner in San Antonio Veterans Affair where David J. Caudill and Marie Weldon stole Petitioner's 100%

Service Connected Disability Benefits from the Veterans Affair Computer in November 2011 that is now the reason for the filing of this Petition and Case with the Court.

Veterans Affair refuses to correct the Petitioner's benefits to his original 1973 Application where he was awarded his 100% Service Connected Disability consisting of his 100% Service Connected Disability Benefits, GI BILL Educational and Title 34 Education Benefits and Petitioner's TRICARE Insurance! Petitioner has never been upgraded since his original Application in 1973 to his 1973 actual 100% Service-Connected disabled classification and benefits that were not given to Petitioner in 1973! The doctors at Veterans Affair includng Veterans Affair Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas and in Spokane Veterans Affair **Dr. Rebecca Meier MD, Chief of Staff of Spokane Veterans Affair,** refuse Petitioner his care for his disabilities and continue to chastise Petitioner in refusal of his medications committing malpractice that the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice for sake of continuing the false and fraudulent Veterans Affair narrative that amounts to Fraud and Fraudulent writings that are now the undisputed facts that Donald R. Karr, Navy Veteran and Veterans Affair Employee receives all of Petitioner's 100% Service-Connected disabled classification benefits for over fifty (50) years, over 673 months of payments, fifty-six (56) years since February 1968 through February 2024 that are the result of failure to correct Petitioner's benefits when Veterans Affair defrauded Petitioner of Petitioner's 100% Service-Connected Disabled Veteran benefits in 1973 giving them to Donald Lee Karr!

The wrongful acts of Veterans Affair Management still exist today because of over fifty (50) years of Veterans Affair Management's direction, as part of the Veterans Affair Organized Crime Group, in violation of the Good Faith operation of Veterans Affair! This over fifty (50) year plus Veterans Affair Ponze Scheme to defraud Veterans of their 100% Service-Connected disabled classification and benefits is well established in the management of Veterans Affair that compels the filing of this Petition pursuant to 28 U.S.C. 1746! Petitioner Petition filed herein with this **RICO Act PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 CASE OF FIRST IMPRESSION. with Special Circumstance including a daily Veterans Affair ongoing Attempted Murder of Petitioner** and violation of the Hobbs Act 18 U.S.C. § 1951 robbery and extortion and RICO Act violations of Petitioner's Veterans 100% Service-Connected Disabled Veterans benefits payment for over fifty (50) years, six hundred seventy-three (673) months of

payments, fifty-six (56) years since February 1968 through February 2024 since 1973 when Petitioner's benefits were stolen by Donald Lee Karr!

This filling in Federal Court asking for separate prosecution of these Traitors who have commited TREASON because of their specific wrongful acts at Veterans Affair since 1973 against the Petitioner that Robert Wilkie, (asking for his Court Martial), Kathy Malin, Marie L. Weldon, Donald R. Karr, Navy Veteran and Union Veterans Affair Employee, plus Dr. Rebecca Meier, Chief of Staff, who took Petitioner's 1973 Veterans Affair 100% Service-Connected Disability Veterans Benefits and all medications and medical services owed to Petitioner as a Vietnam Veteran that is 100% Service Connected Disabled! When President Trump asked them to investigate the problems with my benefits over four and a half (4-1/2) years ago, almost five (5) years ago now, they did nothing and did not investigate! Furthermore, Petitioner has had no response or answer from his Veterans Affair Inspector General(s) April 21st 2020 Complaint and recently another Whistle Blower Complaint sent to Senator Tommy Tuberville dated August 10, 2021, plus Senator Mike Crapo August 18th 2021!

Veterans Affair has refused to send any medications from Spokane Veterans Affair that they are now over thirty-nine (39) months behind on Petitioner's medications. There is an ongoing part of this matter that was reason for filing the Texas Case that started in 2014 which was Veterans Affair refusal to rate Petitioner on or about November 4th 2013 with 100% Service-Connected Disability with the Chronic Bronchitis #6600, Asthma #6602, Emphysema #6603 and COPD #6604 disease conditions. There is a false writing and fraudulent award rating of 30% Asthma #6602/ Chronic Bronchitis #6600 Service-Connected Disability that creates a false finding and creates a major hardship for Petitioner, including financially because Veterans Affairs refuses Petitioner's medications, and charges Petitioner illegal copay for Petitioner's medications as a 100% Service Connected Disabled Veteran that are sent to Petitioner, plus stopping said medications over thirty-nine (39) months ago!

Veterans Affair refuses payment of over fifty-five (55) tests, emergency room visits (Veterans Affair wants three days or '72 Hours Notice' by Veterans before they go to the Emergency Room). Veterans Affair refusal to pay Petitioner's disability for Chronic Bronchitis #6600, Asthma #6602, Emphysema #6603 and COPD #6604 disease conditions are because of Petitioner's medical benefits are given to Donald Lee Karr, that includes Petitioner's TRICARE Insurance given to Donald Lee Karr! Petitioner's Choice Doctor and Petitioner's patient tests, including X-rays, blood work, eye glasses, provide diabetic

shoes, CPAP machines with a mask that can be cleaned daily for Sleep Apnea Patients, hearing aids, blood testing machines, etc. includes refusals by Veterans Affair of payments of Choice Doctors! Petitioner's Medicare has been billed for all X-rays, blood work, doctors visits, medications for his Medical needs that Petitioner currently owes $315+ in copay not paid by Medicare because Medicare has already paid without Veterans Affair paying for Petitioner as a 100% Service Connected Disabled Veteran because Donald Lee Karr has been given Petitioner's Tricare Insurance. Petitioner pays the copay of Medicare billings but Veterans Affair refuses to pay all billings that Petitioner is entitled to have payment paid in full by Veterans Affair! Petitioner should have been given his 100% service-connected disability from his application on or about March 19th 2012 that November 4, 2013 was 30% service connected disability not Petitioner's 100% Service Connected Disability he obtained in Reno, Nevada Veterans Affair subsequent to his surgery! Petitioner was again refused his benefits upgrade on or about November 4, 2013 for his Chronic Bronchitis #6600, Asthma #6602, Emphysema #6603 and COPD #6604 disease conditions! Petitioner's the third test on or about August 2013 for establishing COPD was not given to Petitioner in 2013 in San Antonio Veterans Affair because Director Marie Weldon canceled the test so Petitioner was denied his disability rating of 100% service-connected disability by VARO and Veterans Affair's application review board in Houston in 2013! The Union Employees at Veterans Affair maintain control of Petitioner's benefits because they are given to DONALD R. KARR, Veterans Affairs Employee, Navy Veteran and his son Donald Lee Karr, who redirected Petitioner's benefits and payments of Petitioner's 100% Service-Connected disabled benefits in 1973!

When VARO determined Petitioner's Application for 100% Service-Connected Disability Compensation Benefits should have been approved on or about November 4, 2013 but Marie Weldon Director in San Antonio Texas Veterans Affair stopped Petitioner from receiving his benefits! Veterans Affair did not give Petitioner his 100% Service-Connected Disability due to the Chronic Bronchitis #6600, Asthma #6602, Emphysema #6603 and COPD #6604 disease conditions on or about November 4, 2013 because Petitioner benefits are locked at 30% that is in the nonservice connected side of his Profile, so his benefits are given to DONALD R. KARR, Veterans Affairs Employee, Navy Veteran that has altered the Veterans Affair Computer and redirected Petitioner's benefits and payments of Petitioner's 100% Service-Connected disabled benefits since 1973 to himself and his son! These are now the undisputed facts that Donald R. Karr, Navy Veteran and Veterans Affair Employee and his son receive all of Petitioner's 100%

Service-Connected disabled classification of benefits for over fifty (50) years, six hundred seventy-three (673) months of payments, fifty-six (56) years since February 1968 through February 2024 since 1973, that defrauded Petitioner of Petitioner's 100% Service-Connected Disabled Veteran benefits in 1973! Petitioner's Chronic Bronchitis #6600, Asthma #6602, Emphysema #6603 and COPD #6604 disease conditions were verified by Petitioner's Veterans Affairs doctors in 2004 and 2005 in Reno Veterans Affairs when Petitioner had surgery!

Petitioner has tried, with no success, to obtain his actual 100% Service-Connected disabled classification and benefits! Petitioner's actual 100% Service-Connected disabled classification and benefits or any additional benefits that were paid out for over fifty (50) years, six hundred seventy-three (673) months of payments, fifty-six (56) years since February 1968 through February 2024 since 1973 to Union Employee Member DONALD R. KARR, Veterans Affairs Employee, Navy Veteran instead of Veterans Affair paying the Petitioner! DONALD R. KARR JR, the Petitioner's 1973 award specifically of his 100% Service-Connected disabled veteran classification and benefits that were not given to Petitioner in 1973 but instead given to and redirected to DONALD R. KARR, Veterans Affairs Employee, Navy Veteran and his son who has been paid Petitioner's 100% Service-Connected Disability Benefits, including Petitioner's Educational GI BILL Benefits which DONALD R. KARR, Veterans Affairs Employee, Navy Veteran also sent his son Donald Lee Karr through UCLA LAW SCHOOL with Petitioner's Benefits that Veterans Affair paid to DONALD R. KARR, Veterans Affairs Employee, Navy Veteran not Petitioner!

However, as an undisputed fact the Petitioner was given the 30% NONSERVICE-CONNECTED SIDE OF PETITIONER'S PROFILE that DONALD R. KARR, Veterans Affairs Employee, Navy Veteran that was setup at Veterans Affair in 1973! DONALD R. KARR JR, the Petitioner U. S. ARMY Vietnam ERA VETERAN active duty from December 1967-December 1970 RA XXXX7616 was never given his 100% Service-Connected Disability Benefits and has been refused all upgrades of his 100% Service-Connected Disability Benefits for over fifty (50) years, six hundred seventy-three (673) months of payments, fifty-six (56) years since February 1968 through February 2024 since 1973! Petitioner has been given all the Fraudulent Veterans Affair Disability Award Ratings since 1973 without any educational benefits because Veterans Affair, the Respondents, and each of them, have violated the **RICO Act and Hobbs Act 18 U.S.C. § 1951 robbery and extortion of Petitioner's Veterans 100% Service-Connected Disabled**

Veterans benefits payment for over fifty (50) years, six hundred seventy-three (673) months of payments, fifty-six (56) years since February 1968 through February 2024 since 1973 that are monthly violations of the Hobbs Act 18 U.S.C. § 1951 robbery and extortion of Petitioner's Veterans 100% Service-Connected Disabled Veterans benefits payment for over fifty (50) years, six hundred seventy-three (673) months of payments, fifty-six (56) years since February 1968 through February 2024 since 1973! Petitioner's 1973 benefits for his 100% Service-Connected Disability Benefits were not given to Petitioner in his 1973 Veterans Affair Application FILE NO. CXX XX6 558! Petitioner was defrauded of his 100% Service-Connected Disability Veterans Benefits in 1973 that were given to and redirected to DONALD R. KARR, Veterans Affairs Employee, Navy Veteran who live at 22402 Robin Oaks Terrace, Diamond Bar, California 91765! Union Employee Member DONALD R. KARR, Veterans Affairs Employee, Navy Veteran was working in the scope his employment and under the direction of Veterans Affair Management and was part of the Union Employees Organized Crime Group that started the theft of Veterans Benefits that continues to this day at Veterans Affair that has produced fake ID's of the Veterans and their benefits who they take this over fifty (50) year plus Veterans Affair Ponze Scheme to defraud Veterans of their benefits that includes money laundering and identity theft at Veterans Affairs with Veterans Affair Management and the Veterans Affair Union Membership! The wrongful acts of Veterans Affair Management still exist today because of over fifty (50) years of Veterans Affair Management's direction, as part of the Veterans Affair Organized Crime Group, in violation of the Good Faith operation of Veterans Affair! This fifty year plus Veterans Affair Ponze Scheme to defraud Veterans of their 100% Service-Connected disabled classification and benefits is well established in the management of Veterans Affair that compels the filing of this **Petition pursuant to 28 U.S.C. 1746! Petitioner Petition filed herein with this RICO Act PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 CASE OF FIRST IMPRESSION. with Special Circumstance including a daily ongoing Attempted Murder and violation of the Hobbs Act 18 U.S.C. § 1951 robbery and extortion of Petitioner's Veterans 100% Service-Connected Disabled Veterans benefits payment for forty-nine (49) years, six hundred forty-nine (649) months of payments, fifty-four (54) years since February 1968 through February 2022 since 1973!**

I, DONALD R. KARR JR, the Petitioner, was deployed in Germany US Army USAREUR in the Special Weapons Depot, in April 1969 to December 1970. I am the Petitioner in this Petition for Extraordinary Relief in the Nature of a RICO Act PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 CASE OF FIRST IMPRESSION. with Special Circumstance including Attempted Murder of the Petitioner by Veterans Affair with

Points and Authorities make the above statement of facts that is true to my own personal knowledge, except as to those stated upon information and belief, which I believe to be true.

I declare under penalty of perjury that the information in this Petition is true and correct, in this VERIFIED PETITION FOR PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651, CASE OF FIRST IMPRESSION- RICO ACT CYBER CRIMES 18 U.S.C. §1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government). Veterans Affair EMPLOYEES INTENTIONAL FRAUD AND WRONGFUL ACTS treating Petitioner as a Veteran that in fact was deployed to Germany US Army USAREUR in April 1969 to December 1970, deployed in Germany US Army USAREUR in the Special Weapons Depot. I am the Petitioner in this VERIFIED PETITION for Extraordinary Relief in the Nature of a Writ of Mandamus and Civil Complaint and I know its contents. I am the Petitioner in the above entitled action, who hereby verifies this Petition under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above action with Points and Authorities and laws is true and correct, according to the best of Petitioner's current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746. See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

By: _____  this 31st day of May 2024

DONALD RICHARD KARR JR, the Petitioner and Plaintiff, *Filed In Pro Per*

U. S. ARMY VIETNAM ERA VETERAN RAXXXX7616, (1973 VA FILE NO. CXX XX6 558)

State of Idaho          )

                        ) S.S.

County of Kootenai   )

On this 31st day of May, in the year of 2024, before me personally appeared

DONALD R. KARR JR, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed same.

Signature of Notary Public

My Commission Expires: 02/07/2025

Reside in: Kootenai County

SANLY POI
Notary Public - State of Idaho
Commission Number 20190240
My Commission Expires Feb 7, 2025

## DONALD RICHARD KARR JR, the Petitioner

## LIST OF EXHIBITS

### Exhibit "I" through "VI"

1. TRICARE Insurance' shown in "Exhibit I" consisting of 8 pages

2. Petitioner's DD-214 and VA ID plus Medicare Health Insurance shown in "Exhibit II" consisting of 2 pages

3. Specific diabetic shoes for replacement shown in "Exhibit III" consisting of one page page 64

4. False Writing 30% Service Connected Disability Rating shown in "Exhibit IV" consisting of 4 pages

5. Donald R. Karr Union Employee at Veterans Affair with a Diamond Bar, California address shown in Petitioner's Veterans Affair Profile as 22042 Robin Oaks Terrace, Diamond Bar, California 91765, shown in "Exhibit V" consisting of 8 pages

6. Dr. Glen Volyn MD notes May 7th 2024 visit shown as Exhibit "VI" consisting of five pages.